557 So.2d 293 (1990)
Patricia DILLON, et al.
v.
LOUISIANA POWER AND LIGHT.
No. 89-CA-0666.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1990.
*294 Michael L. Mullin, New Orleans, for Patricia Dillon.
Eugene G. Taggart, W. Glenn Burns, Kathryn J. Lichtenberg, Monroe & Lemann, New Orleans, for Louisiana Power and Light.
Before KLEES, WARD and ARMSTRONG, JJ.
WARD, Judge.
Patricia Dillon, individually and on behalf of her minor child, appeals the dismissal by summary judgment of her suit for damages against Louisiana Power and Light (LP & L). We affirm the action of the lower court.
On October 19, 1987, six year old Willie Dillon accompanied his mother to the Jackson Landing Apartments[1] to visit family and friends. While engaged in unsupervised play at the complex, Willie fell from a tree onto a LP & L electrical transformer, and suffered a cut on his right thigh which required several stitches.
Ms. Dillon sued LP & L in negligence and strict liability claiming, among other things, that the electrical transformer was inherently dangerous and that LP & L knew or should have known that children played on the apartment complex grounds near the transformer. LP & L successfully moved for summary judgment.
Ms. Dillon does not address the merits of her case in her appellate brief. Instead she focuses on a procedural issue arguing that the reasonableness of LP & L's conduct in placing a transformer under a tree in an area frequented by children at play and LP & L's failure to take appropriate measures to insure against injury from the "sharp metal fins" of the transformer are issues of material fact and as such were incorrectly disposed of on a motion for summary judgment rather than trial on the merits.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file and affidavits, if any, show there is no genuine issue of material fact, *295 and that the mover is entitled to judgment as a matter of law. C.C.P. art. 966; Kerwin v. Nu-Way Const. Service, Inc., 451 So.2d 1193 (La.App. 5 Cir.1984).
Ms. Dillon stated in her deposition she left Willie unsupervised in the apartment complex parking lot playing with other children. When questioned how the accident happened, Willie explained in his deposition that he climbed into the tree by first standing on the transformer to boost himself. He went on to recount that he lost his balance while attempting to walk the length of a thin limb as if walking on the tight-rope with both arms fully extended, not holding onto anything to steady himself. The branch broke and Willie fell, landing on the radiator component of the transformer.
In a duty risk analysis, if there is no causation-in-fact, the inquiry should end. See McNamara, The Duties and Risks of the Duty-Risk Analysis, 44 La.L.Rev. 1227, 1230 (1984), quoting Green, The Causal Relation Issue in Negligence Law, 60 Mich.L.Rev. 543, 549 (1965). Assuming LP & L contributed to or was a cause-in-fact of the plaintiff's son's harm, in order for LP & L to be answerable in damages, the plaintiff must yet prove that LP & L owed a legal duty encompassing the particular risk of harm to which plaintiff was exposed; that LP & L breached that duty; and that the plaintiff suffered damages as a result of that breach. C.C. art. 2315, 2316; Vicknair v. Hibernia Building Corp., 479 So.2d 904 (La.1985).
The existence of a duty is a question of law, and similarly, the question as to whether a particular risk of harm is included within the scope of a particular duty is a legal issue to be resolved by the Court. LeBlanc v. Wall, 430 So.2d 1130 (La.App. 1 Cir.1983) writ denied 438 So.2d 571 (La.1983).
We conclude that even if LP & L owes a duty to Patricia Dillon's son, the duty does not encompass this particular risk of harm. One of the considerations in determining the scope of duty is ease of association of the injury with either the conduct of LP & L or any vice in its equipment.
In the present case, the particular risk encountered, leg laceration occasioned by a fall from a tree onto LP & L electrical equipment, cannot be easily associated with either.
Nor can Ms. Dillon rely on C.C. art. 2317 because an analysis of LP & L's duty under that provision yields the same result. In strict liability actions the plaintiff must show the thing causing the damage was in the care or custody of the defendant; that it had a vice or defect which caused an unreasonable risk of injury to another; and that the injury complained of was caused by the vice or defect. Shafouk Nor El Din Hamza v. Bourgeois, 493 So.2d 112 (La.App. 5 Cir.1986) writ denied 497 So.2d 1013 (La.1986). The sole difference in the plaintiff's burden of proof in strict liability is that the plaintiff is relieved of proving the owner or custodian of the defective thing knew or should have known of the risk involved. McKinnie v. Dept. of Transportation & Development, 426 So.2d 344 (La.App. 2 Cir.1983) writ denied, 432 So.2d 266 (La.1983).
A defect is some flaw or fault existing or inherent in the thing itself that creates an unreasonable risk of harm to others. Naylor v. La. Dept. of Public Highways, et al, 423 So.2d 674 (La.App.Cir. 1982).
To evaluate whether there is a defect, courts determine whether the condition of the thing created an unreasonable risk of harm to a person to whom a duty is owed. Hunt v. City Stores, Inc., 387 So.2d 585 (La.1980); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Maltzahn v. City of N.O., 433 So.2d 417 (La.App. 4 Cir.1983).
Therefore, in a strict liability analysis a defendant is not responsible for every injury which might occur but only one resulting from an unreasonable risk of harm to persons owed a duty of protection. Our review of the record indicates that the transformer did not create an unreasonable risk of harm to a person owed a duty by LP & L; there is no material issue of fact, and *296 as a matter of law LP & L is entitled to summary judgment.
For the stated reasons, we conclude the Trial Court acted correctly in granting LP & L's motion for summary judgment and affirm that ruling. Each party is to bear its costs of the appeal.
AFFIRMED.
NOTES
[1] Patricia Dillon settled all claims for Willie's injury against the property owner prior to filing this suit. Therefore, the issue of property owner liability is not before the Court.