BOWES, Judge,
dissenting.
An abbreviated recitation of the facts of the case is a necessary element of this dissent.
*6 On or about March 19, 1987, plaintiff was travelling in his automobile on Louisiana Highway 3214 near its intersection with Louisiana Highway 44. At the meeting of those two highways a “T” intersection is formed requiring motorists travel-ling on Louisiana Highway 3214 to either turn right or left. Louisiana Highway 44 is bordered on one side by a ditch, and across the ditch by a levee.
Plaintiff alleges that he was proceeding to work in the early morning. hours on roadways blanketed with a heavy fog. He claims to have exercised the utmost diligence and caution, but nevertheless, despite that supposed care, he was unable to detect a stop sign situated at the intersection and continued across Louisiana Highway 44 into the ditch, on to the levee and into a sign owned by Occidental Chemical Corporation.
In opposition to the motion for summary judgment, plaintiff contends that the following are genuine issues of material fact:
(1) Whether the position of the sign in question by Occidental Chemical Corporation was negligence in that it was located at the foot of a highway which ended at the levee;
(2) Whether the positioning of a rigidly constructed sign without warning devices or colors making it readily visible under all conditions at the foot of a highway which ended at the levee constitutes negligence;
(3) Whether the construction of a sign of such rigid construction and which was not designated to “break away” on impact, immediately in the path of vehicles travelling on a roadway which ended at the levee, constitutes negligence; and
(4) Whether any, or all, of the facts alleged above caused or contributed to the injuries which plaintiff sustained.
Describing the accident made the basis of the lawsuit, Hamrick stated that he was familiar with the roadway and intersection where the accident occurred as he had been travelling the route for several weeks, and in fact, knew he was coming to a stop sign. In his deposition, plaintiff had described the weather as being “foggy.” Nevertheless, he approached the intersection at 20 to 30 miles an hour and was unable to see the stop sign at all. Because of the fog, he could only see about a car length ahead of him.
The Occidental sign was located up on the river levee approximately seventeen feet (17') from the foot of the road or the edge of Highway 44.
Plaintiff was cited with several traffic violations, including “failure to maintain control of his vehicle.” Mr. Hamrick plead guilty to that charge.
As I stated, quoting from the Supreme Court decision in Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La.1984), writing for a unanimous court, in Roux v. Louisiana Power & Light Co., 597 So.2d 118 (La.App. 5 Cir.1992) the duty-risk analysis must be utilized to determine legal fault. There we held: “There are but few relevant inquiries in applying duty-risk, namely:
I. Whether the conduct of which plaintiff complains was a cause-in-fact of the harm;
II. Whether there was a duty on the part of the defendant which was imposed to protect against the risk involved;
III. Whether there was a breach of that duty; and
IV. Damages.”
As stated above, the record shows that the sign in question was at an elevation, up the levee of 17 feet in distance from the foot or edge of the Highway. Therefore, in my judgment, it is not a question of fact as to whether the sign was located at the foot of a highway, as plaintiff has contended. The uncontested physical fact is that it was seventeen feet farther distant. In addition, the plaintiff had to drive through a ditch and 17 feet up the levee to hit it— after driving off the highway.
The Fourth Circuit said in Armand v. Louisiana Power & Light Co., 482 So.2d 802 (La.App. 4 Cir.1986), writ den. 484 So.2d 669 (La.1986), relative to a utility pole 30 inches from the street:
*7 The location of the pole did not create an unreasonable risk of harm; To so hold would create absolute liability. We are cognizant of the inestimable number of poles and trees which line our streets, many next to or a few inches off the roadways. LP & L’s pole is no more a legal cause of Joni’s injuries than if she had hit an object in the road, lost control, then struck the pole. The pole’s location in the elevated, parish approved, designated right of way was not a cause-in-fact of the accident, nor was it a substantial contributing factor. A utility company has no obligation to guard against rare exigencies such as an out of control vehicle leaving a traveled roadway.
We agreed with the analysis of the Fourth Circuit in our opinion in Roux, supra, and find it also applicable to this case — as is our unanimous opinion in Roux.
It is apparent to me that because of the location of the sign, the sign could not be, nor was it, a cause-in-fact of plaintiffs harm. Therefore, the color of the sign, its construction material, or its rigidity are not issues of material fact in my opinion.
As we also said in Roux “The existence of a legal duty is a question of law.” In addition, the question as to whether a particular risk of harm is included within the scope of a particular legal duty is also a legal issue to be resolved by the court.See also Dillon v. Louisiana Power & Light, 557 So.2d 293 (La.App. 4 Cir.1990).
Accordingly, I see no duty to a motorist incumbent upon the owner of a sign, located so far off the highway, to paint it in, bright colors or construct it of some “break away” material.
It is well established that a motorist is under a duty to drive prudently and that this includes the elementary duty to keep control of his vehicle and to keep a proper lookout for hazards. Roux, supra; Paige v. Commercial Union Ins. Co., 512 So.2d 507 (La.App. 3 Cir.1987), writ denied 513 So.2d 823 (La.1987).
My appreciation of the aforementioned principles of law lead me to the conclusion that plaintiffs admissions that he was driving about 20 to 30 miles per hour in a heavy fog, that he was very familiar with the area and knew that there was a stop sign at the end of the road, constitute extremely imprudent and careless driving under these conditions. Apparent to all is the fact that plaintiff completely failed to keep control of his vehicle under the obvious driving conditions. If necessary to keep control, the weather conditions may have mandated that plaintiff drive 10 miles per hour — or stop completely.
Also, out of the above mentioned four duty-risk elements necessary, it is clear that three are absent: (1) Plaintiff has not demonstrated that the sign was, or could possibly be, a cause-in-fact of his accident; (2) there is no duty on the part of Occidental to prevent a motorist from driving his car 17 feet up a levee; and (3) consequently there can be no breach of that duty.
In addition, in my opinion the facts admitted by plaintiff in his testimony make his actions and lack of care the sole cause in fact of the accident.
Therefore, I agree with the trial judge that the issues presented by plaintiff are neither genuine nor material. I respectfully dissent and would affirm the judgment of the trial court and assess all costs of this appeal to plaintiff-appellant.
WICKER, Judge, dissents for the reasons set forth in the dissent by Judge BOWES.