774 So.2d 174 (2000)
Helen FLEMING
v.
HILTON HOTELS CORPORATION, International River Center, d/b/a River Center International and Gary D. Meyer.
No. 99-CA-1996.
Court of Appeal of Louisiana, Fourth Circuit.
July 12, 2000.
*176 David W. Bernberg, Jacobs, Manuel, Kain & Bernberg, New Orleans, Louisiana, Attorney for Plaintiff/Appellant.
Christopher J. Aubert, Aubert & Pajares, L.L.C., Covington, Louisiana, Attorney for Defendants/Appellees.
Court composed of Judge WILLIAM H. BYRNES, III, Judge CHARLES R. JONES, Judge JAMES F. McKAY, III.
McKAY, Judge.
The plaintiff, Helen Fleming, appeals the judgment of the trial court granting the defendants', Hilton Hotel Corporation (Hilton Hotel), International River Center d/b/a The Rivercenter International, Gary D. Meyer, and Shindler Elevator Corporation (Shindler), motion for summary judgment.
The matter arises out of an incident that occurred on December 27, 1995. Helen Fleming was leaving the Hilton Hotel to enter the now defunct Flamingo Casino.[1] As Ms. Fleming ascended the escalator, she allegedly fell and injured her left knee. She attributed her fall to the unsafe manner in which the Hilton operated the escalator by failing to provide adequate security to prevent an overcrowded escalator. After the incident, Ms. Fleming went to the casino where she remained for a couple of hours. The plaintiff did not make an accident report with either the Hilton Hotel or the Flamingo Casino that evening, but she alleges that she reported the accident to the Hilton Hotel some time later. The day following the incident she went to the hospital. She claimed that she had injured her knee when she was pushed on the crowded escalator as it jumped.
On August 1, 1996, Ms. Fleming filed suit against the Hilton Hotel for negligence. Ms. Fleming passed away from unrelated causes on January 10, 1997, and on February 26, 1997, her heirs were substituted as proper party plaintiffs. Prior to her death, the plaintiff was never deposed nor did she make a written or recorded statement. On September 30, 1997, the plaintiffs petition was amended to add Shindler.[2] The defendants moved for summary judgment on the ground that no evidence existed to suggest any defect or negligent maintenance of the escalator. On October 9, 1998, the trial court granted summary judgment in favor of the defendants and the plaintiff perfected this appeal.

APPELLEE'S ASSIGNMENT OF ERROR
The appellee raises the assignment of error that the trial court erred in granting the summary judgment by failing to address general negligence claims as to all parties.

STANDARD OF REVIEW
Appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180, 1183; The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Two Feathers Enterprise, Inc. v. First National Bank, 98-0465 (La.App. 4 Cir. 10/14/98); 720 So.2d 398, 400. This procedure is now favored and shall be construed to accomplish these ends. La. R.S. C.C.P. art. 966(A)(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The burden of *177 proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, no genuine issue of fact exists. La. C.C.P. art. 966(C)(2).

DISCUSSION
Liability based on negligence is present when a plaintiff, applying a duty risk analysis, is able to establish the following: the conduct is a cause in fact of the resulting harm; the defendant owed a duty to the plaintiff; the duty was breached; and the risk of harm was within the scope of the duty. Fox v. Board of Supervisors of LSU, 576 So.2d 978, 981 (La. 1991); Mart v. Hill, 505 So.2d 1120 (La. 1987); Hill v. Lundin & Assoc., Inc., 260 La. 542, 256 So.2d 620 (1972). Furthermore, in determining whether liability exist under a duty-risk analysis, a plaintiff must prove that the conduct in question was the cause-in-fact of the resulting harm, that defendant owed a duty to plaintiff that defendant breached, and the risk of harm was within the scope of the protection afforded by the duty breached. Hartman v. Vermilion Parish Police Jury, 94-893 (La.App. 3 Cir 3/1/95), 651 So.2d 476, 479, writ denied, 95-0778 (La.5/5/95), 654 So.2d 326, citing Campbell v. Louisiana Dept. of Trans. and Dev., 94-1052 (La.1/17/95), 648 So.2d 898. The existence of a duty is a question of law and similarly the question as to whether a particular risk is included within the scope of a particular duty is a legal issue to be resolved by the court. Dillon v. Louisiana Power & Light, 557 So.2d 293, 295 (La.App. 4 Cir.1990); LeBlanc v. Wall, 430 So.2d 1130 (La.App. 1 Cir.1983, writ denied, 438 So.2d 571 (1983). A hotel only owes a duty to its patrons to exercise reasonable and ordinary care including maintaining the premises in a reasonably safe and suitable condition. Jones v. Hyatt Corp. of Delaware, 94-2194 (La. App. 4 Cir. 7/26/95); 681 So.2d 381.
In the instant matter the appellee alleges that the Hilton Hotel and its security director, Gary D. Meyer, were negligent in failing to provide adequate security to prevent the escalator from becoming crowded and failing to provide security to prevent pushing on the escalator.
Louisiana jurisprudence has clearly established that a business owner's duty to provide security focuses on the prevention of crime, not the prevention of accidents. In Dye v. Schwegmann Brothers Giant Supermarkets, Inc., 627 So.2d 688 (La. App. 4 Cir.1993), this Court addressed the purpose of security guards in context of a parking lot robbery and murder of a store patron Ms. Delores Dye. After shopping in the store Ms. Dye was robbed at gunpoint and shot to death while getting into her car. This Court discussed the duty to provide security as follows: "Security cannot protect from every crime, and performance of a duty with due care will not protect from this type of crime in every case. Our review of the facts leads us to conclude that Schwegmann discharged its duty in a reasonable manner calculated to prevent patrons from criminal assault." Id. at 694, 695. Similarly, in Posecai v. Wal-Mart Stores, d/b/a/ Sam's Wholesale Club and Joe Doe, 99-1222 (La.11/30/99); 752 So.2d 762, the sole issue presented to the Louisiana Supreme Court was whether Sam's owed a duty to protect Ms. Posecai from criminal acts of third parties. The Supreme Court in applying a duty risk analysis defined the duty to provide security as a "duty to protect against the foreseeable criminal acts of third persons". Id. at 765, See, Harris v. Pizza Hut of Louisiana Inc., 455 So.2d 1364, 1371 (La. 1984). The Supreme Court further stated, "A very high degree of foreseeability is required to give rise to a duty to post *178 security guards...The most important factor to be considered is the existence, frequency, and similarity of prior incidents of crime on the premises ..." Id. at 768. In Carpenter v. Johnson, 95-0431 (La.App. 1 Cir. 12/15/95), 664 So.2d 1354, a teenager was injured after an altercation in a McDonald's parking lot. The business knew that large numbers of teenagers gathered in their parking lot after school. The plaintiff argued that the business should have provided security. The first circuit said that "the mere presence of a crowd of reasonably well behaved teenagers does not impose a duty on a business owner to hire security guards." Id. at 1357. All of the above cases involved incidents of criminal activity not an accident. Considering the above pronouncements, it would take a quantum leap to find that a business is required to provide security to prevent an unforeseeable accident from occurring. An accident by its very nature is unpredictable and unforeseeable. Plaintiff's alleged injury was not the result of any criminal activity but the result of an accident due to undeterminable causes. The fact that a security guard was located at the top of the escalator at the time the plaintiff was allegedly injured is of no consequence other than to show that the Hilton Hotel presumptively provided security to prevent or monitor criminal activity in the hotel. Accordingly, the Hilton Hotel had no duty to provide security to prevent accidents and cannot be found negligent in this instance.
In the case sub judice the plaintiff failed to present any evidence of previous problems with pushing or tripping on the escalator. Neither did she provide any evidence showing that this escalator or any escalator is unreasonably dangerous. In Brown v. Sears Roebuck & Co., 514 So.2d 439, 445 (La.1987), the Supreme Court held that escalators are not unreasonably dangerous per se. The plaintiff provided the depositions of two witnesses who were her companions on the evening of the incident. Neither witness saw her fall but did see her lying on the escalator steps. The other witness, Mr. Otis Brown, who is also plaintiff's brother, was never deposed but his affidavit was submitted where it is inconclusive if he saw the plaintiff fall. All he saw were "football" players helping her back to her feet. Additionally, the plaintiff never raised a claim of product or premises liability, nor did she provide any expert testimony as to a defect, which could have caused the escalator to jump because of overcrowding. The defendants on the other hand said that there were no reports of any problems with the escalator at the time of the alleged incident. Further, the appellant has failed to show any reasonable causation between her injuries and any of the defendants' actions or inactions. More importantly, she has failed to prove that any of the defendants owed a duty to prevent just such an injury as she allegedly incurred.
We agree with the trial court and find that the appellee has failed to show that any of the defendants breached any duty owed to her. Consequently, she has failed to show that genuine issue of material fact with respect to defendants' negligence, and therefore, defendants' are entitled to judgment as a matter of law. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] The incident occurred during Sugar Bowl week.
[2] Shindler Elevator Corporation is the escalator maintenance company for the Hilton Hotel.