790 So.2d 155 (2001)
Jerry Val GRAVES, Sr. et al.
v.
KREWE OF GLADIATORS, INC. et al.
No. 2001-C-0986.
Court of Appeal of Louisiana, Fourth Circuit.
June 27, 2001.
Jerry W. Sullivan, Daigle, Sullivan, Dupre' & Aldous, Metairie, LA, Counsel for Krewe of Gladiators, Inc.
Thomas H. Huval, Christian A. Shofstahl, Jeansonne & Remondet, New Orleans, LA, Counsel for Massett & Co., Inc.
Mary Beoubay Petruccelli, Tracy Ann Petruccelli, Law Offices of Mary Beoubay Petruccelli, Chalmette, LA, Counsel for Plaintiffs.
Court composed of Chief Judge WILLIAM H. BYRNES, III, Judge MIRIAM G. WALTZER, and Judge JAMES F. McKAY, III.
BYRNES, Chief Judge.
The defendant, Krewe of Gladiators, Inc. ("Krewe"), requests a review of the trial court's denial of its motion for summary judgment. We reverse.
*156 Plaintiff/Krewe member, Jerry Graves,[1] sued the Krewe and Massett & Co., the float builder ("Massett"), in negligence and strict liability, alleging:
V.
On February 5, 1999, [he] was descending the rungs of a makeshift ladder from the top level of a carnival float owned by Massett and Co., Inc. and rented by [the Krewe]. As [he] began to fall down the makeshift ladder he caught his finger on a metal eyelet which was protruding from a wooden board in the area of the makeshift ladder on the float.
VI.
[He] avers that the section of the float where [he] was injured was in a defective condition at the time of the accident, in that it did not have proper and sufficient hand rails to enable a person descending from the top level to the bottom level of the float to do so in a safe manner.
VII.
... in the area of the makeshift ladder, there was a metal eyelet protruding from a wooden board which should not have been in that area and which was not screwed into the board correctly thereby creating an unreasonable risk of harm to the float riders ...
VIII.
... the makeshift ladder and surrounding area of the makeshift ladder on the float were ... constructed and designed in an unsafe and unreasonably dangerous manner and there were no warnings of this dangerous condition.
IX.
As a result ... [plaintiff's] wedding ring while attached to his finder was caught and hung up on the metal eyelet which was protruding from the board surrounding the area of the makeshift ladder, as he was falling down the makeshift ladder, literally pulling petitioner's ring finger off ...
The Krewe filed a motion for summary judgment based on La. R.S. 9:2796, the Mardi Gras Parade immunity statute. Further, the Krewe denied the strict liability claim on the basis that garde of the float on which the plaintiff was injured was never transferred to the Krewe.
The version of La.R.S. 9:2796[2] in effect on the date of this accident provided that:
A. Notwithstanding any other law to the contrary, no person shall have a cause of action against any krewe or organization which presents Mardi Gras *157 parades or other street parades connected with pre-Lenten festivities or the Holiday in Dixie Parade, or against any nonprofit organization chartered under the laws of this state, or any member thereof, which sponsors fairs or festivals that present parades, for any loss or damage caused by any member thereof or related to the parades presented by such krewe or organization, unless said loss or damage was caused by the deliberate and wanton act or gross negligence of the krewe or organization. The provisions of this Section shall not be intended to limit the liability of a compensated employee of such krewe or organization for his individual acts of negligence.
B. Any person who is attending or participating in one of the organized parades of floats or persons listed in Subsection A of this Section, when the parade begins and ends between the hours of 6:00 a.m. and 12:00 midnight of the same day, assumes the risk of being struck by any missile whatsoever which has been traditionally thrown, tossed, or hurled by members of the krewe or organization in such parades held prior to the effective date of this Section. The items shall include but are not limited to beads, cups, coconuts, and doubloons unless said loss or damage was caused by the deliberate and wanton act or gross negligence of said krewe or organization.
The plaintiff opposed the Krewe's motion, contesting the applicability of La. R.S. 9:2796 on the grounds that the statute only affords Mardi Gras krewes immunity from suit by parade goers for injuries as a result of objects being thrown from floats. The plaintiff further argued that the statutory immunity does not extend to acts of gross negligence by the Krewe. The plaintiff claims that whether or not the acts or omissions of the Krewe were equivalent to gross negligence is a genuine issue of material fact that can be decided only at a trial on the merits.
Defendant/float owner, Massett & Company, Inc. (Masset) also opposed the Krewe's motion for summary judgment, asserting that the immunity afforded by La. R.S. 9:2796 was not intended to address the type of claims in this litigation, and, that even if the statute were intended to apply in this case, there remains a material question of fact concerning whether the plaintiff's claims are "parade related."
The trial court denied the Krewe's motion for summary judgment, and the Krewe's writ application followed.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. Two Feathers Enterprises v. First National Bank, 98-0465 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. 966 B. However, if the movant will not bear the burden of proof at trial on the matter that is before the court, the movant's burden does not require him to negate all essential elements of the adverse party's claim. Rather, he need only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim. La. C.C.P. Art. 966 C(2). Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts, to determine whether summary judgment is *158 appropriate. Fleming v. Hilton Hotels Corp., 99-1996 (La.App. 4 Cir. 7/12/00), 774 So.2d 174.
In the present case, documentation offered in support of the motion for summary judgment established that during the afternoon, prior to the parade, the Krewe sponsored a four-hour pre-parade party, during which the Krewe supplied alcoholic beverages, and the plaintiff consumed two or three beers. The plaintiff asserts that the accident occurred around 4:30 p.m. and the parade started at 7:00 p.m. on February 5, 1999. During the party, the plaintiff accompanied another krewe member to the parade staging area to load tubs of ice and drinks, not his throws, onto the float they were to ride in the parade. Although he was to ride on the first level, the plaintiff went up to the second level of the float. In his deposition, the plaintiff explained that to access the second level of the float, he had to climb a "makeshift" ladder or staircase constructed by Massett, the defendant/float builder. The plaintiff testified that the stairs were not a "code staircase," the steps were not evenly spaced, and the staircase did not have a banister or guardrail. He explained his actions just prior to his fall:
... just prior to reaching the bottom of the steps I remember my foot slipping and I reached out to try and catch myself around the opening to the second level. I held on briefly for a moment and then I slipped the rest of the way not falling[,] landing on my feet, falling maybe 18 to 24 inches and feeling a sharp pain in my hand.
At that point I looked down and saw what happened to my hand and saw the severed finger laying on the floor.
In Medine v. GEICO General Ins. Co., 97-2393, 97-2775 97-2778 (La.App. 4 Cir. 11/17/99), 748 So.2d 532, writ denied 99-3556 (La.2/11/00), 754 So.2d 945, several Zulu krewe members were riding in the Zulu parade in an antique fire truck driven by a fellow krewe member. Because of a braking problem on the fire truck, the krewe member/driver abandoned the official parade route to return to the Zulu headquarters. En route, the fire truck's brakes malfunctioned, the driver lost control and hit a street curb, hurling a passenger krewe member onto the plaintiff's vehicle. This Court reversed the grant of summary judgment in favor of Zulu concluding:
... we find that La.Rev.Stat. 9:2796 is not applicable to the situation at hand, which involves plaintiffs who were not parade spectators and were not even in the vicinity of the official parade route when they were allegedly injured by a Zulu krewe member's negligence. Because La.Rev.Stat. 9:2796 is not applicable to the [plaintiffs']' claims, the summary judgment dismissing those claims based on its application was not appropriate. 748 So.2d at 536.
In the present case, Medine does not apply. In that case the plaintiff who claimed that he was injured was not a spectator, krewe member, or a person participating in the parade activities, whereas in the present case the plaintiff is a krewe member. The above quoted language in Medine applies only to "plaintiffs who were not parade spectators and were not even in the vicinity of the official parade route" when they were allegedly injured by a Zulu krewe member's negligence. In Medine the defendant krewe member not only was the driver but was also the owner of the antique fire truck. When he decided to leave the parade, he abandoned the official parade route. Not only as the driver but also as the owner, he could be responsible for the efficiency of the fire truck's brakes when he left the parade. This Court found that there was a genuine *159 issue of material fact as to whether Zulu was vicariously liable for the driver's negligence.
In Gardner v. Zulu Social Aid and Pleasure Club, Inc., 98-1040 (La.App. 4 Cir. 2/10/99) 729 So.2d 675, writ denied 99-0697 (La.5/7/99), 740 So.2d 1285, the plaintiffs/Zulu krewe members sued the Zulu organization and its insurer for breach of contract when their float broke down after less than four blocks of parading. The plaintiffs' petition charged the Zulu organization with "providing the plaintiffs with a defective float and negligent planning for potential breakdowns." Gardner, 729 So.2d at 678. Zulu claimed immunity under La. R.S. 9:2796. The plaintiffs countered that the statute was intended to apply only to "offenses and quasi offenses," not to breach of contract claims. This Court found that:
The expansive language in paragraph "A" [of La. R.S. 9:2796] referring to "any loss or damage related to parades" is intended to cover the broad spectrum of risks and losses normally associated with parading. Among such risks is the well-known possibility of a float breakdown.
* * *
Float breakdowns in Mardi Gras parades are a common occurrence and, therefore, a risk that should be reasonably anticipated. In other words, it is a risk normally associated with parading, and therefore, one covered by the LSA-R.S. 9:2796 immunity ... float breakdowns, like police strikes and inclement weather are known contingencies ... 729 So.2d at 678.
In its brief in the present case, Massett stated that:
It should be noted that while the Krewe of Gladiators relies heavily upon the Fourth Circuit opinion in Gardner v. Zulu Social Aid and Pleasure Club, Inc., 729 So.2d 675, No. 98-1040 (La. App. 4th Cir.2/10/99), Medine, [sic] is the more recent Fourth Circuit pronouncement regarding the interpretation of La. R.S. 9:2796.
Both Gardner and Medine are Fourth Circuit cases. Gardner v. Zulu Social Aid and Pleasure Club, Inc., the earlier case, has precedent. If Medine proposed to overrule Gardner, it would have required an en banc ruling from this Court. We conclude that Medine was limited to its facts or distinguished from Gardner, and therefore, it was unnecessary to require an en banc ruling by this appellate court.
It is noted that the legislature amended La. R.S. 9:2796 in 1999 to add in part "unless said member was operating a motor vehicle within the parade or festival," instead of deleting Section A, or combining Sections A and B. Therefore, Section A, separate from Section B, is not limited to claims raised under Section B, in which the legislature provided immunity to krewes/organizations for claims arising out of spectators being struck by items thrown from the floats.
The intent of the legislature was to provide relief from liability for krewe/organizations who had difficulty in obtaining insurance for parade activities. The legislature took into account that parade organizations need relief from high insurance rates or from the failure to obtain any insurance based on claims concerning parade festivities that were not caused by the deliberate and wanton act or gross negligence of the krewe/organization. The statute's immunity does not apply just to spectators who are injured by throws but also applies to individuals who are participating in parade activities presented by the krewe/organization.
For purposes of the motion for summary judgment, we find no dispute of the material *160 facts in the present case. Whether the Krewe is entitled to immunity pursuant to La. R.S. 9:2796 is a question of law.
The Krewe claims that the La. R.S. 9:2796 immunity shields the Krewe from liability in this case and that there are no genuine issues of material fact that would preclude the grant of summary judgment. The plaintiff asserts the Krewe had a duty to provide a safe float for its riders, and that it breached this duty by negligently failing to inspect the float. On the other hand, Massett & Co. denies that the activity in which the plaintiff was engaged at the time of his injury was "parade related."
In Gardner v. Zulu Social Aid and Pleasure Club, Inc., supra, 729 So.2d at 678 this Court stated:
To limit the effect of 9:2796 to damages sustained by onlookers who are injured by things thrown from floats would render 9:2796 A meaningless. Such damages are specifically covered by paragraph "B." We must assume that the legislature would not have enacted 9:2796 A without some additional purpose. The expansive language in paragraph "A" referring to "any loss or damage related to parades" is intended to cover the broad spectrum of risks and losses normally associated with parading....
The present case involves injury to a Krewe member. During the Krewe's preparade party, whether or not the plaintiff went to carry ice and drinks for others or just to socialize on the second level of the float, he was participating in pre-Lenten parade festivities. These activities were in preparation for the commencement of the parade, which was imminent. It is a well-known fact that floats are not loaded with just throws. There are no genuine issues of material fact.
As a matter of law, any damage caused by the metal eyelet protruding from the board surrounding the area of the makeshift ladder or staircase cannot be reasonably classified as caused by the Krewe's deliberate and wanton act or gross negligence. Further, as a matter of law, the Krewe is immune from liability under La. R.S. 9:2796 A because the plaintiff was participating in traditional parade activities when he was on the float. The statute does not state that a krewe's immunity to liability applies only during the parade but is for loss or damages "connected to pre-Lenten festivities," "related to parades" or from participating in the krewe/organization's parade. A krewe member's act of climbing up and down onto different float levels or from floats is part of the risks associated with parading. His activity was parade-related.
Accordingly, the judgment of the trial court is reversed, and the Krewe of Gladiators' motion for summary judgment is granted. The case is remanded for further proceedings.
WRIT GRANTED: REVERSED & REMANDED
NOTES
[1] Graves' wife joins her husband in this litigation seeking loss of consortium.
[2] La. R.S. 9:2796 B has not been amended. La. R.S. 9:2796 A now provides:

Limitation of liability for loss connected with Mardi Gras parades and festivities; fair and festival parades
A. Notwithstanding any other law to the contrary, no person shall have a cause of action against any krewe or organization, or any member thereof, which presents Mardi Gras parades or other parades, whether held on a public or private street or waterway, or in a building or other structure, or any combination thereof, connected with pre-Lenten festivities or the Holiday in Dixie Parade, or against any nonprofit organization chartered under the laws of this state, or any member thereof, which sponsors fairs or festivals that present parades, for any loss or damage caused by any member thereof, during or in conjunction with or related to the parades presented by such krewe or organization, unless said loss or damage was caused by the deliberate and wanton act or gross negligence of the krewe or organization, or any member thereof as the case may be, or unless said member was operating a motor vehicle within the parade or festival. The provisions of this Section shall not be intended to limit the liability of a compensated employee of such krewe or organization for his individual acts of negligence.