DAVID S. GORBATY, Judge.
| t Plaintiff Anne L. Isidore appeals a summary judgment granted in favor of The Victory Club, Inc., d/b/a Krewe of Pegasus. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY:
Anne L. Isidore (Isidore) was working as a security guard at The Carol condominiums on St. Charles Avenue on the night the Krewe of Pegasus paraded in 2002. A chain link fence had been erected around The Carol to protect the residents and to prevent parade-goers from entering onto the condominium property. Isidore had positioned herself next to a gate in the fence on the St. Charles Avenue side of the building to monitor the ingress and egress of condominium owners and their guests. According to Isidore, the maintenance man for the condominiums was standing near her. As one of the floats passed the condominiums, one of the krewe members threw an unopened bag of beads towards her, striking her in the face. Isidore denies waiving her hands at the krewe members or yelling, “throw me something, mister,” or in any way soliciting throws |?from the krewe members. As a result of being struck in the face, Isidore sustained torn retinas in each eye, necessitating three surgeries.
Isidore filed suit against the Victory Club, Inc., d/b/a Krewe of Pegasus (Pegasus), its insurer, and the unknown krewe member who threw the beads. The Victory Club filed a motion for summary judgment urging the applicability of La. R.S. 9:2796, which was granted by the trial court. This appeal followed.
DISCUSSION:
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. See also Independent Fire Ins. Co. v. Sunbeam, Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 231. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions. Two Feathers Enterprises v. First Nat’l Bank of Commerce, 98-0465, p. 3 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400.
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La.Code *749 Civ. Proc. art. 966. If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Oakley v. Thebault, 96-0937, p. 3 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden does not shift to the party opposing the summary | ¡¡judgment until the moving party first presents a prima, facie case that no genuine issues of material fact exist. Id. At that point, if the party opposing the motion “fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La.Code Civ. Proc. art. 966 C. Summary judgment should then be granted.
Pegasus moved for summary judgment urging the application of La. R.S. 9:2796, sometimes referred to as the Mardi Gras immunity statute. The statute provides:
A. Notwithstanding any other law to the contrary, no person shall have a cause of action against any krewe or organization, any group traditionally referred to as Courir de Mardi Gras, or any member thereof, which presents Mardi Gras parades, including traditional rural Mardi Gras parades, processions, or runs in which participants ride on horseback, march, walk, or ride on horse-drawn or mptordrawn floats, or wheeled beds, or other parades, whether held on a public or private street or waterway, or in a building or other structure, or any combination thereof, connected with pre-Lenten festivities or the Holiday in Dixie Parade, or against any nonprofit organization chartered under the laws of this state, or any member thereof, which sponsors fairs or festivals that present parades or courirs, for any loss or damage caused by any member thereof, during or in conjunction with or related to the parades or courirs presented by such krewe or organization, unless said loss or damage was caused by the deliberate and wanton act or gross negligence of the krewe or organization, or any member thereof as the case may be, or unless said member was operating a motor vehicle within the parade or festival and was a compensated employee of the krewe, organization, or courir. The provisions of this Section shall not be intended to limit the liability of a compensated employee of such krewe or organization for his individual acts of negligence.
B. Any person who is attending or participating in one of the organized parades of floats or persons listed in Subsection A of this Section, when the parade begins and Rends between the hours of 6:00 a.m. and 12:00 midnight of the same day, assumes the risk of being struck by any missile whatsoever which has been traditionally thrown, tossed, or hurled by members of the krewe or organization in such parades held prior to the effective date of this Section. The items shall include but are not limited to beads, cups, coconuts, and doubloons unless said loss or damage was caused by the deliberate and wanton act or gross negligence of said krewe or organization.
Pegasus argued to the trial court that it was immaterial that Isidore was allegedly not watching the parade, but was instead working, because the statute clearly states that “No” person shall have a cause of action absent gross negligence or deliberate and wanton acts. Pegasus urged that it was the conduct of the krewe and its members, and not the public at large, upon which the court must focus.
In support of its motion, Pegasus attached excerpts of the depositions of Isi-dore and Leslie Ferrande, the maintenance man for the condominiums. The excerpts were submitted to demonstrate *750 that neither plaintiff nor her co-worker actually saw what happened. Isidore was totally unaware of the float or its krewe members until she was struck in the face with; the beads. Ferrande did actually see the beads being thrown in an overhand fashion. He did not know if the person throwing the beads was male or female. He stated that it happened so fast, he did not have time to warn Isidore. Ferrande stated that he did not believe the person throwing the beads intended to hurt anyone.
In opposition to Pegasus’ motion, Isidore argued that Pegasus was not entitled to the statutory immunity afforded by La. R.S. 9:2796 because Isidore was neither attending nor participating in the parade as provided, in Subsection B of the statute. Isidore argued that she was not inviting hrewe members to hurl missiles at |Bher, and, therefore, did not assume the risk of her injuries. Additionally, Isidore argued that the statute did not apply because there was evidence of a deliberate and wanton act or gross negligence, which are exceptions to the statute. Whether or not these alleged acts of gross negligence occurred created a genuine issue of material fact that precluded summary judgment. An éxcerpt of her deposition was offered in support of her opposition. ■
We agree with Pegasus that the intent of the legislature in enacting La. R.S. 9:2796 was to provide immunity to Mardi Gras krewes and not persons along the parade routes. In Gardner v. Zulu Social Aid and Pleasure Club, Inc., 98-1040, pp. 6-7 (La.App. 4 Cir. 2/10/99), 729 So.2d 675, 679, this Court recognized that the legislature in enacting La. R.S. 9:2796 presumably weighed the public utility of Mardi Gras parades against 'the risks ordinarily associated with such 'events, such as being struck by throws. Further, in Graves v. Krewe of Gladiators, Inc., 01-0986 (La.App. 4 Cir. 6/27/01), 790 So.2d 155, this Court affirmed that the legislature’s intent was to protect Mardi Gras krewes and other organizations from liability because of the high cost of obtaining insurance. Thus, immunity was provided to the organizations absent gross negligence or wanton and deliberate acts. 01-0986, p. 8, 790 So.2d at 159; also see Pierre v. Zulu Social Aid & Pleasure Club, Inc., 04-0752, pp. 4-5 (La.App. 4 Cir. 9/29/04), 885 So.2d 1261, 1264.
The cases cited by Isidore to support her contention that because she was not a spectator at the parade, the immunity statute does not apply, are inapposite. In Medine v. Geico Gen. Ins. Co., 97-2393, 97-2775 to 97-2778 (La.App. 4 Cir. 11/17/99), 748 So.2d 532, this Court refused to apply the immunity statute because to do ’ so would lead to an absurd result. However, the facts of that case are patently different than the instant case. The plaintiffs in Medine were injured when a rider on a fire engine “float” that had left the designated parade route was thrown from the float onto their vehicle. Thus, the float was no longer a part of the parade, nor were the Medine’s spectators. Similarly, in Duryea v. Handy, 96-1018 (La.App. 4 Cir. 10/1/97), 700 So.2d 1123, the Court briefly discussed the immunity statute deciding that it did not apply because the plaintiff, an off-duty police officer improperly present in a restricted area, was not a spectator, and, most importantly, the defendant, a security guard, was not a member of the krewe.
We also do not find that Isidore has provided evidence that the krewe is guilty of gross negligence or deliberate and wanton acts sufficient to defeat summary judgment. Isidore’s deposition excerpt reveals that she did not see the float, the krewe member who threw the beads, or- the beads prior to them striking her. *751 Ferrande, the maintenance man who witnessed the beads being thrown, specifically stated that he did not believe the krewe member intended to hurt anyone. Although he testified that the beads were thrown overhanded “like a baseball,” the statute specifically provides immunity for the hurling of any traditionally thrown missile. La. R.S. 9:2796 B.
In written reasons for judgment, the trial court stated “[i]f this Court were to interpret the immunity statute to exclude security guards on the parade route, the |7intent of shielding krewes will be compromised. Subsection B was intended to apply to attendees and participants because they know the dangers and assume the risk. A security guard who is patrolling a parade party or a residence on the parade route knows the danger of being struck with a missile.” We agree.
Accordingly, for the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.