JAMES F. McKAY III, Chief Judge.
_JjIn this personal injury action involving an elevator door, the plaintiffs, Shelia and Randall Hurst, appeal the trial court’s granting of summary judgment in favor of defendants, Hilton Hotels Corporation, Fred Sawyer, Paul Buckley and Kevyn Lewis. The plaintiffs also appeal the trial court’s maintaining of a peremptory exception of prescription in favor of defendant Schindler Elevator Corporation. We affirm.
FACTS AND PROCEDURAL HISTORY
Shelia and Randall Hurst allege that they were injured on February 22, 2005, when an elevator door at the New Orleans Hilton Riverside malfunctioned and closed on them while they were exiting the elevator side by side. On February 6, 2006, Mr. and Mrs. Hurst filed a petition for damages against the Hilton Hotels Corporation. On April 12, 2006, the plaintiffs filed a first supplemental and amended petition naming Hilton employees, Fred Sawyer, Paul Buckley, and Kevyn Lewis, as additional defendants. On July 1, 2009, the plaintiffs filed a second supplemental and amending petition naming International Rivercenter |2Lessee, LLC, d/b/a New Orleans Hilton Riverside, Schindler Elevator Corporation, Lerch Bates, Inc. and Pratt Landry Associates, Inc. as additional defendants. On August 5, 2009, the plaintiffs amended their petition for the final time and added ACE American Insurance Company, Hilton’s insurer, as a defendant.
On October 12, 2009, the Hilton defendants re-urged a motion for summary judgment previously filed on May 27, 2009. Schindler also filed a peremptory exception of prescription on July 27, 2009. The Hilton defendants asserted that the plaintiffs failed to come forward with evidence demonstrating a defect in the elevator which presented an unreasonable risk of the doors pinning exiting passengers between the closing doors which the defendant knew of or should have known. In support of their motion for summary judgment, the defendants produced the affida *389 vits of former hotel manager Paul Buckley, hotel manager Fred Sawyer, hotel security officer Kevyn Lewis, and assistant director of hotel property operations Roger Lawson. In addition, the defendants provided a report generated by Lerch Bates, Inc., the company that performs the hotel’s annual elevator system audit and inspection. The plaintiffs opposed the motion for summary judgment with the affidavit of their expert, Dr. Jack W. Sparks. The trial court granted the defendants’ motion for summary judgment. The plaintiffs appealed that judgment to this Court.
This Court found that Dr. Sparks’s affidavit created genuine issues of material fact as to whether the elevator was functioning normally at the time of the alleged incident and whether the defendants knew or should have known of an|3alleged elevator defect which could have caused the elevator to malfunction so as to pin guests between the doors and cause injuries, thus precluding summary judgment. Hurst v. Hilton Hotels Corp., 2010-1088 (La.App. 4 Cir. 6/15/11), 72 So.3d 353. However, this Court stated that Dr. Sparks’s affidavit did not indicate specifically what the defect was. Id. This court reversed the judgment of the trial court and remanded the matter for further proceedings. Id.
After the case was remanded to the trial court, the Hilton defendants deposed the plaintiffs’ expert, Dr. Sparks, on January 30, 2012 and February 29, 2012. Based on the answers given by Dr. Sparks during his deposition, the defendants questioned his qualifications as an expert in the field of elevator operation and maintenance.[1] On July 5, 2012, the Hilton defendants filed a Daubert/Foret motion to strike the affidavit of Dr. Sparks and to exclude his testimony. At the same time, the Hilton defendants also filed a second motion for summary judgment. On December 6, 2012, the trial court held a hearing on both of these motions as well as on Schindler’s peremptory exception of prescription. On December 13, 2012, the trial court granted the Hilton defendants’ Daubert/Foret motion to strike the affidavit of Dr. Sparks and to exclude his testimony. That same day the trial court also granted the Hilton defendants’ second motion for summary judgment. On December 18, 2012, the trial court granted Schindler’s ^peremptory exception of prescription. It is from these judgments that the plaintiffs now appeal.
DISCUSSION
On appeal, the plaintiffs raise the following assignments of error: 1) the trial court erred in granting the Hilton defendants’ motion for summary judgment, particularly in light of this Court’s prior opinion on the same issue; 2) the trial court erred in disqualifying Dr. Sparks as an expert for the plaintiffs and/or refusing to permit the plaintiffs to present another expert; and 3) the trial court erred in granting Schindler Elevator Corporation’s exception of prescription, based on Schindler’s status as a joint obligor with Hilton.
We will first address the plaintiffs’ second assignment of error as it has a direct impact on their first assignment of error. In its judgment striking Dr. Sparks as an expert, the trial court held that he “lacks the specialized knowledge in the field of elevator engineering to assist the jury and that his opinions lack the reliability to be relevant or admissible.” *390 Louisiana Code of Evidence Article 702 requires that an expert be “qualified as an expert by knowledge, skill, experience, training, or education” and possess “scientific, technical, or other specialized knowledge” that can “assist the trier of fact.” State v. Foret, 93-0246 (La.11/30/93), 628 So.2d 1116. In performing the gate-keeping function required by Foret, through its adoption of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the trial court has to determine | ¿whether a purported expert can offer an opinion with a “reliable basis in the knowledge and experience of his discipline.” Foret, 628 So.2d at 1121-1122.
In the instant case, Dr. Sparks acknowledged that his opinions were his subjective beliefs. Dr. Sparks did not employ the scientific method, nor was he able to identify the methodology or scientific basis his conclusions were based on. He also did not know of any industry publication that supported his conclusions. Furthermore and perhaps most importantly, he stated that he was not aware of any reason that the Hilton defendants would have known in advance that the elevator door could perform as alleged. Therefore, based on the Daubert standard, we find no error in the trial court’s striking of Dr. Sparks’s affidavit and excluding him as an expert witness.
Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration. The summary judgment procedure is now favored, and the standard for summary judgment is well-established in Louisiana. See La. C.C.P. art. 966; Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191; Two Feathers Enterprises, Inc. v. First Nat’l Bank of Commerce, 98-0465 (La.App. 4 Cir. 10/14/98), 720 So.2d 398. A motion for summary judgment shall be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; Gallina v. Hero Lands Co., 2003-0331 (La.App. 4 Cir. 10/7/03), 859 So.2d 758, 761. If the mover will not bear the burden of proof at 1 fitrial, the mover need only point out to the court an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966(C)(2). Although the burden of proof remains with the movant, if the movant will not bear the burden of proof at trial, the movant’s burden does not require him to negate all essential elements of the adverse party’s claim; if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, no genuine issue of fact exists. La. C.C.P. art. 966(C)(2); Fleming v. Hilton Hotels Corp., 99-1996 (La.App. 4 Cir. 7/12/00), 774 So.2d 174, 177.
In this Court’s earlier decision, it held that the affidavit of Dr. Sparks “at a minimum, established a genuine issue of material fact with regard to whether Defendants/Appellees knew or should have known of an alleged elevator defect which could have caused the elevators to malfunction in the manner asserted by the Appellants.” Hurst v. Hilton Hotels Corp., 2010-1088 (La.App. 4 Cir. 6/15/11), 72 So.3d 1004, 1007. Now that Dr. Sparks has been excluded as an expert witness and his affidavit struck, this impediment to summary judgment no longer exists.
A plaintiff asserting a cause of action in either negligence or strict liability against a premises owner for injury caused by a premises defect or vice must prove: (1) that the defendant knew or should have known of the vice or defect; (2) that the damage could have been prevented by the exercise of reasonable care; and (3) that *391 the defendant failed to exercise reasonable care. See La. C.C. art. 2317.1; Greenhouse v. C.F. Associates Ltd. Partnership, 98-0496 (La.App. 4 Cir. 1/10/98), 723 So.2d 1004, 1007. Because the Hursts claim that they were injured as a result of a defect in an elevator in the care, custody or control of the Hilton defendants, they must prove that the involved elevator presented an unreasonable risk of harm about which the Hilton defendants knew, or in the exercise of reasonable care, should have known. However, the Hilton defendants presented the affidavits of hotel employees to establish that the defendants had no knowledge of any vice or defect in the elevators. They also provided reports from elevator inspectors and affidavits from service company representatives to show that the elevators were properly maintained. Without the affidavit of their expert witness or his testimony, the plaintiffs were unable to prove an essential element of their case, i.e., that the Hilton defendants knew or should have known of the alleged vice or defect in the elevator. Accordingly, summary judgment was properly granted.
In their third assignment of error, the plaintiffs contend that the trial court erred in granting Schindler’s exception of prescription based on Schindler’s status as a joint obligor with Hilton.
The incident giving rise to the instant case occurred on February 22, 2005. The Hursts filed suit against Hilton on February 6, 2006. However, the plaintiffs’ second supplemental and amended petition, which named Schindler, was not filed until July 1, 2009. On December 13, 2012, the trial court granted summary judgment in favor of the Hilton defendants and dismissed the case against them with prejudice. Thereafter, the trial court granted Schindler’s exception of ^prescription on December 18, 2012. At that time, Schindler was the only remaining defendant.
The plaintiffs did not file suit against Schindler until more than four years after the alleged accident. On its face, the plaintiffs’ action against Schindler is prescribed because it is a delictual action subject to a liberative prescriptive period of one year. See La. C.C. art. 3492. Although the plaintiffs argue that prescription was interrupted by the filing of suit against a joint-tortfeasor, that is not the situation we have in this case. If the timely sued defendants are determined not to be liable to the plaintiffs, the petition for damages does not interrupt prescription against those defendants who were not timely sued. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992). Accordingly, we find no error in the trial court’s maintaining Schindler’s exception of prescription.
CONCLUSION
For the above and foregoing reasons, we affirm the trial court’s judgments striking the affidavit of Dr. Sparks and excluding him as an expert witness, granting summary judgment in favor of the Hilton defendants, and maintaining Schindler’s peremptory exception of prescription.
AFFIRMED.

. Following the deposition of Dr. Sparks, Lerch Bates filed a motion for summary judgment. This motion was not opposed by the plaintiffs and was granted by the trial court. The plaintiffs also agreed to dismiss their claim against Pratt Landry leaving Hilton (including its employees, insurer and International Rivercenter Lessee, LLC, d/b/a New Orleans Hilton Riverside) and Schindler as defendants.