656 So.2d 694 (1995)
Margie TRONDSEN
v.
IRISH-ITALIAN PARADE COMMITTEE, et al.
No. 95-CA-28.
Court of Appeal of Louisiana, Fifth Circuit.
May 10, 1995.
James E. Shields, A Professional Law Corp., Gretna, for plaintiff-appellant Margie Trondsen.
James H. Morgan, III, William C. Kaufman, III, Seale, Smith, Zuber & Barnette, L.L.P., Baton Rouge, for defendants-appellees Louisiana Irish-Italian Ass'n, Inc. and Lincoln Nat. Specialty Ins. Co.
Before KLIEBERT, DUFRESNE and CANNELLA, JJ.
KLIEBERT, Chief Judge.
Plaintiff appeals the trial court's grant of two defendants' motion for summary judgment, dismissing them from plaintiff's suit for personal injuries and damages, with prejudice, at plaintiff's costs. We affirm.
According to plaintiff's original petition for damages, on March 21, 1993, she attended the Irish-Italian parade held in Jefferson Parish and, while viewing the parade, she was struck in the head by a cabbage thrown from one of the parade floats. Plaintiff alleged that she sustained personal injuries as a result of the incident.
The Louisiana Irish-Italian Association, Inc., a non-profit organization, is the sponsor of the Louisiana Irish-Italian parade and sponsored the parade on March 21, 1993 in Jefferson Parish. Plaintiff sued two unnamed float riders alleged to be members of the Irish-Italian Parade Committee; the Irish-Italian Parade Committee, the alleged organizer of the parade; and Lincoln National Specialty Insurance Company, the insurer of the parade committee/organization.
Defendants, Louisiana Irish-Italian Association, Inc. and its insurer, Lincoln National, filed a motion for summary judgment based on the provisions of LSA-R.S. 9:2796 and 9:2796.1, quoted below, which limit the liability of sponsors of fairs or festivals from any loss or damage caused by any member of the organization directly related to the parade activity.
LSA-R.S. 9:2796 provides:
Limit of liability for loss connected with Mardi Gras parades and festivities; fair and festival parades
A. Notwithstanding any other law to the contrary, no person shall have a cause of action against any krewe or organization which presents Mardi Gras parades or other street parades connected with pre-Lenten festivities or the Holiday in Dixie Parade, OR AGAINST ANY NONPROFIT ORGANIZATION CHARTERED UNDER THE LAWS OF THIS STATE, OR ANY MEMBER THEREOF, WHICH SPONSORS FAIRS OR FESTIVALS THAT PRESENT PARADES, for any loss or damage caused by any member *695 thereof or related to the parades presented by such krewe or organization, unless said loss or damage was caused by the deliberate and wanton act or gross negligence of the krewe or organization. The provisions of this Section shall not be intended to limit the liability of a compensated employee of such krewe or organization for his individual acts of negligence.
B. Any person who is attending or participating in one of the organized parades of floats or persons listed in Subsection A of this Section, when the parade begins and ends between the hours of 6:00 a.m. and 12:00 midnight of the same day, assumes the risk of being struck by any missile whatsoever which has been traditionally thrown, tossed, or hurled by members of the krewe or organization in such parades held prior to the effective date of this Section. The items shall include but are not limited to beads, cups, coconuts, and doubloons unless said loss or damage was caused by the deliberate and wanton act or gross negligence OF SAID KREWE OR ORGANIZATION. (Emphasis Added).
In addition, LSA-R.S. 9:2796.1 provides:
Notwithstanding any other law to the contrary, NO PERSON SHALL HAVE A CAUSE OF ACTION AGAINST ANY ORGANIZATION WHICH PRESENTS ST. PATRICK'S DAY PARADES or other street parades connected with any ethnic celebration, or against any non-profit organization chartered under the laws of this state, or any member thereof, which sponsors fairs or festivals that present parades, for any loss or damage caused by any member thereof or related to the parades presented by such organization, unless said loss or damage was caused by the deliberate and wanton act or gross negligence OF THE ORGANIZATION. The provisions of this Section shall not be intended to limit the liability of a compensated employee of such organization for his individual acts of negligence. (Emphasis Added).
The trial court originally heard the defendants' motion for summary judgment on May 31, 1994. At that time, the trial court granted the plaintiff an additional period of sixty (60) days to conduct additional discovery. This discovery period was extended for an additional thirty (30) days by the trial court to accommodate plaintiff's counsel. During this ninety day period, plaintiff's counsel conducted three discovery depositions. The second hearing on the defendants' motion for summary judgment was heard on August 29, 1994. At the second hearing, plaintiff did not introduce any of the discovery depositions taken as evidence in opposition to the defendants' motion for summary judgment.
Plaintiff's amended petition also added an organization known as "Ride with Pride" as an additional defendant. The amended petition further alleged that all defendants were jointly and solidarily liable for the alleged negligent actions of the float riders and that the cabbage which struck plaintiff was thrown in a reckless manner. Plaintiff further alleged that the gross negligence of the persons who threw the cabbage was directly imputed to the other defendants.
At the hearing on August 29, 1994, the trial court granted the motions for summary judgment filed by defendants, Louisiana Irish-Italian Association and Lincoln National. Plaintiff appeals the judgment and argues that the trial court erred in granting the defendants' motion for summary judgment on the basis that there existed material facts which precluded summary judgment. Plaintiff further argues that the allegations contained in her supplemental and amending petition, filed prior to the granting of the summary judgment, also preclude the dismissal of the claims against the defendants, Louisiana Irish-Italian Association, Inc. and Lincoln National on their motion for summary judgment.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La.-C.C.P. art. 966. When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations of his pleadings and his response must set forth specific facts showing that *696 there is a genuine issue for trial. La.-C.C.P. art. 967.
The provisions of LSA-R.S. 9:2796 and 9:2796.1 specifically exclude any cause of action any person may have against any non-profit organization which sponsors fairs or festivals that present street parades for any loss or damage caused by any member of said organization or related to the parade unless said loss or damage was caused by the deliberate and wanton act or gross negligence of the organization.
As stated in Ambrose v. New Orleans Police Department Ambulance Service, et al, 639 So.2d 216 (La.1994), 639 So.2d at 219, gross negligence has been defined by Louisiana Courts as the "want of even slight care and diligence" and the "want of that diligence which even careless men are accustomed to exercise, or an extreme departure from ordinary care".
In support of their motion for summary judgment, defendants filed the affidavit of Edward L. Renton, Sr., the chairman of the Louisiana Irish-Italian Association, Inc. and a certified copy of the Articles of Incorporation of the Association, and other supporting documentation. These documents fully supported the defendants' position on the immunity claims under the statutes in question. The only issue is whether the plaintiff's alleged injuries were caused by the deliberate and wanton act or gross negligence of the defendant, Louisiana Irish-Italian Association, Inc.
The Louisiana Supreme Court has held that summary judgment is the proper procedural tool for an employer to counter a plaintiff-employee's allegations that his injuries occurring in the course and scope of his employment resulted from an intentional act. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984); Fallo v. Tuboscope Inspection, 444 So.2d 621 (La.1984).
The original petition filed by plaintiff asserts that acts of ordinary negligence committed by defendants caused her injuries. In her amending petition, plaintiff alleges the cabbage that struck her was thrown in a reckless manner in contravention of common sense; that the actions of the persons who threw the cabbage were grossly negligent and that the Louisiana Irish-Italian Association, Inc. is responsible for the actions of those individuals. However, the only opposition to summary judgment put forth by plaintiff was her affidavit which did not state any facts in support of deliberate and wanton acts or gross negligence committed by the Louisiana Irish-Italian Association, Inc. Additionally, none of the depositions taken by plaintiff were submitted in opposition to summary judgment.
Because plaintiff has not met her burden to show genuine issues of material fact exist, the trial court properly granted defendants' motion for summary judgment. The trial court judgment is affirmed. Plaintiff is cast for all costs.
AFFIRMED.