748 So.2d 532 (1999)
Heloise MEDINE and Melissa Medine, Individually and on Behalf of Her Minor Children, Christian Pekins, Crystal Pekins and Keith Pekins
v.
GEICO GENERAL INSURANCE COMPANY, TransAmerica Assurance Company, David Belfield, III and the Zulu Social Aid and Pleasure Club, Inc.
Byron Anthony Johns and Sharon Barthe Johns, Individually and on Behalf of Their Minor Children Byron Johns, Jr. and Jason Johns
v.
David Belfield, III, and the Zulu Social Aid and Pleasure Club, Inc.
Norman Marshal
v.
David Belfield, III, et al.
Valena Byrd, et al.
v.
David Belfield, III, et al.
June Davis
v.
David Belfield, III, et al.
Nos. 97-CA-2393, 97-CA-2775 to 97-CA-2778.
Court of Appeal of Louisiana, Fourth Circuit.
November 17, 1999.
Writ Denied February 11, 2000.
*533 Lloyd A. Capello, Jr., Dugas, LeBlanc, Sotile & Capello, L.L.C., Donaldsonville, Louisiana, Attorney for Plaintiffs/Appellants, Heloise Medine and Melissa Medine, Individually and on Behalf of Her Minor Children, Christian Pekins, Crystal Pekins and Keith Pekins.
Edward P. Gothard, Nowalsky, Bronston & Gothard, L.L.P., Metairie, Louisiana, Attorney for Plaintiffs/Appellants, Byron Anthony Johns and Sharon Barthe Johns.
Charles G. Smith, The Law Office of Edward J. Womac, Jr. (APLC), New Orleans, Louisiana, Attorney for Plaintiffs/Appellants, Valena Byrd and Karen Johnson.
Stephen N. Elliott, Howard B. Kaplan, Bernard, Cassisa, Elliott & Davis, A Professional Law Corporation, Metairie, Louisiana, Attorneys for Defendant/Appellee, Acceptance Insurance Company.
*534 Court composed of Judge MIRIAM G. WALTZER, Judge PATRICIA RIVET MURRAY and Judge DENNIS R. BAGNERIS, Sr.
MURRAY, Judge.
This appeal requires us to consider the scope of La.Rev.Stat. 9:2796, which limits liability for loss connected with certain parades. Plaintiffs/appellants are Heloise Medine, and Melissa Medine, individually, and on behalf of her minor children, Christian Pekins, Crystal Pekins and Keith Pekins (referred to hereafter, collectively, as the "Medines"). They appeal the grant of summary judgment in favor of the Zulu Social Aid and Pleasure Club, Inc., and Acceptance Insurance Company, its insurer, dismissing the Medines' claims against those defendants based on La.Rev.Stat. 9:2796, and the trial court's denial of their motion for summary judgment on the issue of coverage under the Acceptance policy.

FACTS AND PROCEDURAL HISTORY:
The facts of this case are simple and undisputed. On May 14, 1994, David Belfield, III, the reigning king of Zulu, was operating a fire truck, which he owned, in a parade organized by the Zulu organization. The parade, which was part of Zulu's anniversary celebration, was routed through the Mid-City area of New Orleans, and ended at the krewe's clubhouse on North Broad Street.
Mr. Belfield testified that it was very hot, and he was tired of driving the fire truck. He could not enjoy himself because the truck had no power steering, which made it difficult to drive, and because he was concerned about the efficiency of the truck's brakes. Mr. Belfield testified that, for these reasons, he abandoned the official parade route to take a "short cut" to the Zulu headquarters where the anniversary celebration was to continue with a private party for the krewe members and their guests.
Mr. Belfield headed south on Orleans Avenue toward North Broad Street. As he neared the intersection of Orleans and North Broad, the fire truck's brakes allegedly malfunctioned. He lost control of the fire truck and it hit the curb on Orleans Avenue. Byron Johns, a krewe member riding on the truck, was thrown from the vehicle, and landed atop a vehicle occupied by the Medine family. The fire truck continued through the intersection of Orleans and North Broad, and collided with an RTA bus and another vehicle before coming to rest on the North Broad neutral ground.
The suit that is the basis of this appeal was filed by the Medines against Geico General Insurance Company, Transamerica Assurance Company, David Belfield, III, the Zulu Social Aid and Pleasure Club, Inc., and Acceptance Insurance Company. Mr. Belfield and his insurers settled the claims against them. The Medines reserved their right to pursue their claims against Zulu and its insurer, Acceptance.[1]
Cross motions for summary judgment were filed in connection with those claims. In their motion, the Medines contended that, as a matter of law, the Acceptance policy issued to Zulu provided coverage for their claims. Zulu and Acceptance opposed that motion, and sought a judgment dismissing the claim against them, contending that, as a matter of law, Zulu was not responsible for Mr. Belfield's negligence. In support of their motion, these defendants argued that Zulu was not vicariously responsible for David Belfield's actions at the time of the accident; Zulu was not liable pursuant to La.Rev.Stat. 9:2796; and the release of Mr. Belfield and his insurers from the lawsuit released Zulu.
The trial court denied the Medines' motion, and granted the motion filed on behalf of Zulu and Acceptance, finding that Zulu was exempt from liability pursuant to *535 La.Rev.Stat. 9:2796. Because Zulu was not liable for these claims, Acceptance was not legally obligated under the policy of insurance it had issued to Zulu. The court's determination that La.Rev.Stat. 9:2796 was applicable to the Medines' claims was based on its finding that Mr. Belfield was participating in the parade at the time of the accident, acting on behalf of Zulu.

DISCUSSION:
The version of La.Rev.Stat. 9:2796 in effect on the date of this accident provided that:
A. Notwithstanding any other law to the contrary, no person shall have a cause of action against any krewe or organization which presents Mardi Gras parades or other street parades connected with pre-Lenten festivities or the Holiday in Dixie Parade, or against any nonprofit organization chartered under the laws of this state, or any member thereof, which sponsors fairs or festivals that present parades, for any loss or damage caused by any member thereof or related to the parades presented by such krewe or organization, unless said loss or damage was caused by the deliberate and wanton act or gross negligence of the krewe or organization. The provisions of this Section shall not be intended to limit the liability of a compensated employee of such krewe or organization for his individual acts of negligence. (Emphasis added)
The rules of statutory interpretation provide that a law must be applied as written if it is clear and unambiguous and its application does not lead to absurd consequences; with regard to such laws, no further interpretation may be made in search of the intent of the legislature. La. Civ.Code art. 9. Statutes, such as La. Rev.Stat. 9:2796, that grant immunities or advantages to special classes in derogation of the general rights available to tort victims, must be strictly construed against the party claiming the immunity or advantage. Weber v. State, 93-0062 (La.4/11/94), 635 So.2d 188, 193; Kelty v. Brumfield, 93-1142 (La.2/25/94), 633 So.2d 1210, 1216; Galloway v. Baton Rouge General Hospital, 602 So.2d 1003, 1005 (La.1992).
Were La.Rev.Stat. 9:2796 applied as written, covered krewes and organizations would be shielded from all liability for all damages or injury that is caused by any of their members unless those actions were wanton, deliberate or grossly negligent. The consequence of a literal application of 9:2796 would be to grant blanket immunity to covered organizations and their members for their negligence. This is patently absurd. We, therefore, must attempt to discern the legislature's true intent in enacting this statute.
The minutes of the Senate Judiciary Committee relative to Senate Bill 595 reveal that the bill was intended to provide that no spectator would have a cause of action against any person or his insurer who is connected with presenting Mardi Gras parades or other pre-Lenten activities unless the spectator's loss or damage was caused by the deliberate and wanton act of the person connected with the activities. The scope and the content of the bill were reduced to an extent by extending the limitation's exclusion to include "gross negligence."
The minutes of the House Civil Law Committee reflect that Mr. Blaine Kern, representing several Mardi Gras krewes, helped to explain the bill. Mr. Kern told the committee that there were 100 major Mardi Gras krewes with over 45,000 members throughout the state, and the cost of insurance for these krewes was becoming a problem. La.Rev.Stat. 9:2796, set forth above, was enacted during the 1979 regular legislative session to address the "problem."
In 1987, the legislature amended La. Rev.Stat. 9:2796 by adding subpart B to provide that a person who attends or participates in one of the organized parades of floats assumes the risk of being struck by any missile that has been "traditionally *536 thrown, tossed, or hurled by members of the krewe or organization in such parades held prior to the effective date" of the amendment, absent a deliberate and wanton act or gross negligence on the part of the covered krewe or organization.[2] This amendment is consistent with an intent to limit the liability of covered entities for damages incurred in connection with traditional parade activities.
In Duryea v. Handy, 96-1018 (La.App. 4 Cir. 10/3/97), 700 So.2d 1123, this Court recognized that this was the intent of La. Rev.Stat. 9:2796 when it affirmed the trial court's determination that the statute, which "absolves krewes from liability for injuries caused by objects thrown by krewe members to parade spectators," was not applicable to a situation involving neither a member of the krewe nor a parade spectator. Id. at p. 2, 700 So.2d at 1126.
Similarly, we find that La.Rev.Stat. 9:2796 is not applicable to the situation at hand, which involves plaintiffs who were not parade spectators and were not even in the vicinity of the official parade route when they were allegedly injured by a Zulu krewe member's negligence. Because La.Rev.Stat. 9:2796 is not applicable to the Medines' claims, the summary judgment dismissing those claims based on its application was not appropriate.
Zulu and Acceptance answered the Medines' appeal to raise the issue of whether Mr. Belfield was in the course and scope of the parade at the time of the accident. They contend that, even were La.Rev.Stat. 9:2796 not applicable to these claims, they are entitled to summary judgment because Zulu was not vicariously liable for David Belfield's alleged negligence. They argue that Mr. Belfield was no longer working toward Zulu's "goal" of celebrating its anniversary once he left the parade.
As the moving party on the motion for summary judgment, Zulu and Acceptance had the burden to point out to the court that there was no factual support for one or more of the essential elements of the Medines' claim. La.Code Civ. Proc. art. 966 C(2). In an effort to meet that burden they offered the opinion of Michael Johnson, president of the Zulu organization, to establish that the Medines would not be able to prove that Zulu was vicariously liable for Mr. Belfield's negligence.
Mr. Johnson testified that it was his opinion that Mr. Belfield was not part of the parade. He based this opinion on the fact that a vehicle that breaks down in a Zulu parade is pushed to the side and no longer considered part of the parade and the riders are picked up by buses.
This testimony was not sufficient to shift the burden on the summary judgment motion to the Medines on the question of Zulu's vicarious liability for David Belfield's negligence. In fact, Mr. Johnson's testimony could support a finding that Mr. Belfield was acting in furtherance of Zulu's goals by transporting the krewe members and their guests to the post-parade party, which, like the parade, was part of the anniversary celebration.
Because it is apparent that there exists a genuine issue of material fact as to whether Zulu is vicariously liable for Mr. Belfield's negligence, this issue cannot be disposed of by summary judgment.[3]
For the foregoing reasons, the summary judgment dismissing the Medine's claims against Zulu and Acceptance is reversed, and this matter is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Other lawsuits were filed in connection with this accident. However, the appeals in cases 97-CA-2775, -2776, -2777 and -2778 have been dismissed.
[2] In other words, one who invites a krewe member to "throw me something, mister," assumes the risk that mister's aim will not be true.
[3] The Medines appealed the denial of their motion for summary judgment on the issue of coverage under the Acceptance policy. The denial of a motion for summary judgment is not a final judgment, and, therefore, is not appealable.