948 So.2d 1171 (2007)
David H. FOSHEE and Lori S. Foshee, Plaintiff-Appellants
v.
LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY and Steven F. Bates, Defendant-Appellees.
No. 41,842-CA.
Court of Appeal of Louisiana, Second Circuit.
January 31, 2007.
Rehearing Denied February 22, 2007.
*1173 Culpepper & Carroll, PLLC, by Bobby L. Culpepper, Jonesboro, for Appellants.
Cotton, Bolton, Hoychick & Doughty, L.L.P., by John Hoychick, Jr., Rayville, for Appellees.
Before BROWN, MOORE and SEXTON (Pro Tempore), JJ.
MOORE, J.
The sole question raised by this appeal is whether a summary judgment in favor of the defendants was prudently granted pursuant to La. R.S. 9:2796, which statutorily precludes a cause of action for damages caused by certain entities and their members, including any non-profit organization and its members, when the damage occurred "during or in conjunction with or *1174 related to" a parade sponsored by such organization. For the reasons stated below, we affirm.

Facts
A vehicular/pedestrian accident occurred on December 6, 2002 in Winnfield, Louisiana, prior to the Winnfield Christmas parade. The defendant, Stephen F. Bates, was using his 1997 Ford pick-up truck to pull a Winnfield Livestock Club/4-H Club float that was built on a gooseneck trailer. David Foshee, a police officer for the Winnfield Police Department, was directing traffic at the intersection of East Maple Street and King Street. The floats were being lined up in numerical order in the west-bound lane of Maple Street in preparation for the parade, so Officer Foshee parked his police vehicle at the intersection blocking entry into the west-bound lane of Maple to block other traffic entering that lane. The east-bound lane was kept open to drive the floats to their proper position in the line-up in the west-bound lane. After stopping at the intersection where Ofcr. Foshee was directing traffic, Bates proceeded to go around the parked police vehicle into the east-bound lane on Maple Street. At this point, there is some factual dispute over whether Ofcr. Foshee told Bates to proceed after an oncoming pick-up truck passed or told him he could go after the traffic was cleared. While making the maneuver into the east-bound lane of Maple Street, a crank handle from the gooseneck trailer struck Ofcr. Foshee in the back and knocked him to the pavement. Foshee alleges he suffered injuries as a result of the accident and filed this suit to recover damages.
The Christmas parade was sponsored by the Winnfield Kiwanis Club, a state-chartered, non-profit organization. Bates is a member of the Winnfield Kiwanis Club and was assigned to work the parade later that day as a member of the Kiwanis Club. At the time of the accident, he was assisting the 4-H Livestock Club, also a non-profit organization, by parking their float in the pre-parade line-up. Bates was not paid to drive or park the float by either the 4-H Club or the Kiwanis Club.
The plaintiff filed suit against Bates and his insurer, Farm Bureau. He did not sue the Kiwanis Club or its insurer. Defendants moved for summary judgment on grounds that there were no genuine issues of fact, arguing that Ofcr. Foshee was solely at fault in causing the accident, and, secondly, La. R.S. 9:2796 extends immunity from suit to them. After a hearing on the motion, the trial court ruled from the bench and stated that it was granting the summary judgment in favor of defendants on the basis of the immunity statute.

Discussion
Appellate courts review summary judgments de novo using the same criteria that govern a district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Costello v. Hardy, XXXX-XXXX (La.1/21/04), 864 So.2d 129. A court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2); Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc., 40,546 (La.App. 2 Cir.1/25/06), 920 So.2d 355.
The burden of proof is on the movant. If, as in this case, the moving party will not bear the burden of proof at trial on the matter before the court on the motion and *1175 points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the non-moving party must come forward with factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2). If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. arts. 966 and 967; Williams v. Shoney's, Inc., 99-0607 (La.App. 1 Cir. 3/31/00), 764 So.2d 1021.
Plaintiff contends that the trial court erred in granting the defendant's motion of summary judgment because there is a material issue of fact regarding negligence in this case that would preclude summary judgment, and that the court incorrectly concluded that the immunity afforded certain entities by La. R.S. 9:2796 applied to the defendants in this case. First, he contends that there is a genuine dispute of material fact regarding what he (Ofcr.Foshee) told Mr. Bates in regard to proceeding west onto Maple Street which would preclude summary judgment. Officer Foshee stated in his deposition that he told Mr. Bates that he could go after he cleared the east-bound traffic, but he admitted that he could have told Mr. Bates that he could go as soon as the pick-up passed.
The remainder of plaintiff's arguments relate to the applicability of La. R.S. 9:2796. He argues that the intent of the legislature in passing La. R.S. 9:2796 was to extend immunity to parades associated with Mardi Gras and Holiday in Dixie festivals only, and not parades such as the Winnfield Christmas parade. Even if the statute was intended to extend to other parades, plaintiff contends that the non-profit sponsoring organization must be a sponsor of a fair or festival that presents a parade. Plaintiff submits that the statute does not protect the defendant from suit because his action in parking the float for the 4-H Club had nothing to do with his membership in the Kiwanis Club and that the statute does not provide immunity for someone driving a motor vehicle.
After reviewing the statute and the record in this case, we conclude that plaintiff's arguments are without merit. We first consider the scope and applicability of La. R.S. 9:2796(A), which provides:
A. Notwithstanding any other law to the contrary, no person shall have a cause of action against any krewe or organization, any group traditionally referred to as Courir de Mardi Gras, or any member thereof, which presents Mardi Gras parades, including traditional rural Mardi Gras parades, processions, or runs in which participants ride on horseback, march, walk, or ride on horse-drawn or motordrawn floats, or wheeled beds, or other parades, whether held on a public or private street or waterway, or in a building or other structure, or any combination thereof, connected with pre-Lenten festivities or the Holiday in Dixie Parade, or against any nonprofit organization chartered under the laws of this state, or any member thereof, which sponsors fairs or festivals that present parades or courirs, for any loss or damage caused by any member thereof, during or in conjunction with or related to the parades or courirs presented by such krewe or organization, unless said loss or damage was caused by the deliberate and wanton act or gross negligence of the krewe or organization, or any member thereof as the case may be, or unless said member was operating a motor vehicle within the parade or festival and was a compensated employee of the krewe, organization, or courir. The provisions of *1176 this Section shall not be intended to limit the liability of a compensated employee of such krewe or organization for his individual acts of negligence.
(Emphasis added).
The rules of statutory interpretation provide that a law must be applied as written if it is clear and unambiguous and its application does not lead to absurd consequences; with regard to such laws, no further interpretation may be made in search of the intent of the legislature.
La. C.C. art. 9. Statutes, such as La. R.S. 9:2796, that grant immunities or advantages to special classes in derogation of the general rights available to tort victims, must be strictly construed against the party claiming the immunity or advantage. Weber v. State, 93-0062 (La.4/11/94), 635 So.2d 188; Kelty v. Brumfield, 93-1142 (La.2/25/94), 633 So.2d 1210; Galloway v. Baton Rouge General Hospital, 602 So.2d 1003 (La.1992). Medine v. Geico General Ins. Co., 1997-2393 (La.App. 4 Cir. 11/17/99), 748 So.2d 532, writ denied, XXXX-XXXX (La.2/11/00) 754 So.2d 945.
Plaintiff first argues that the immunity granted by La. R.S. 9:2796 applies only to Mardi Gras and Holiday in Dixie festivals and parades. Although most reported cases involve Mardi Gras parades, the statute unambiguously states that in addition to these events, the immunity is granted to "any nonprofit organization chartered under the laws of this state, or any member thereof, which sponsors fairs or festivals that present parades or courirs." In Trondsen v. Irish-Italian Parade Committee, 95-CA-28 (La.App. 5 Cir. 5/10/95), 656 So.2d 694, writ denied, 95-C-1467 (La.9/22/95) 660 So.2d 476, the Louisiana Fifth Circuit interpreted the statutory language in question and held that the immunity provision of La. R.S. 9:2796 applied to the Louisiana Irish-Italian Association, Inc., a non-profit organization that sponsored the Louisiana Irish-Italian parade in Jefferson Parish, Louisiana. During the parade a spectator was hit in the head by a cabbage thrown from a parade float. Although the statute has been amended several times since Trondsen, generally to expand the scope of the statute, the Trondsen court was interpreting the same statutory language at issue in this case. Accordingly, we conclude that the statute applies to the Winnfield Christmas Parade in this instance.
Next, plaintiff argues that the statute does not apply in this case because, although the Kiwanis Club of Winnfield sponsored the parade, it did not sponsor a fair or festival that put on the parade. Indeed, a close reading of the statutory language implies that the immunity is granted only to sponsors of fairs or festivals that present parades. We note that the statute does not require that members of krewes and members of Mardi Gras processions sponsor any "festival" to obtain immunity under the statute, although Mardi Gras is a festival proper. A festival is simply a celebration such as a feast or holiday that usually occurs on a certain date once a year. Christmas is obviously a holiday and hence, the Winnfield Christmas parade is a celebration or festival just as Mardi Gras is a festival celebrating the end of the pre-Lenten season. In view of the statute's expansive language regarding the types of parades for whom the non-profit sponsors are afforded immunity, we conclude that the statute does not require that the non-profit organization sponsor an additional or broader celebration or "festival" of which the parade is a part. The expansive language in La. R.S. 9:2796(A) was intended to cover a broad spectrum of risks and losses associated with parading. Binkley v. Landry, XXXX-XXXX (La.App. 1 Cir. 9/28/01), 811 So.2d 18, writ denied, *1177 2001-2934 (La.3/8/02, 811 So.2d 887) (La.3/8/02); Gardner v. Zulu Social Aid and Pleasure Club, Inc., 98-1040, p. 5 (La.App. 4 Cir.2/10/99), 729 So.2d 675, 678, writ denied, 99-0697 (La.5/7/99), 740 So.2d 1285.
Next, plaintiff contends that although the Winnfield Kiwanis Club was covered by the statute, defendant Bates, who is a member of the Winnfield Kiwanis, was not acting in his capacity as a member of the Kiwanis, but was in fact placing the float into the parade line for the 4-H wing of the Winnfield Livestock Club. In other words, Bates was not carrying out his assigned Kiwanis parade duties when the accident occurred. While this "course and scope" argument would have appeal if this were a worker's compensation case, we do not need to apply those principles since the statute provides its own status and activity criteria. La. R.S. 9:2796 provides immunity to non-profit organizations who sponsor festivities such as this Christmas parade as a service to the public. The immunity extends to the organizations' voluntary, non-compensated members. Once it is established that the defendant in question is a non-compensated member of the protected non-profit organization, the sole question is whether the loss caused by the member occurred "during or in conjunction with or related to the parade." The fact that the float was built by or belonged to the 4-H Club wing of the Winnfield Livestock Club is not pertinent to the inquiry inasmuch as the defendant was driving the float to a position designated by the Kiwanis Club as the sponsors and organizers of the parade.
Likewise, it is of no moment that the accident occurred prior to the parade. In Graves v. Krewe of Gladiators, Inc., XXXX-XXXX (La.App. 4 Cir. 6/27/01), 790 So.2d 155, the plaintiff was injured while descending a ladder on a carnival float during a pre-parade party. The court found that the statute was applicable because it was related to the parade. Accordingly, we find that the accident in this case occurred in conjunction with and was related to the parade.
Finally, plaintiff submits that there are genuine issues of material fact regarding fault that preclude summary judgment. La. R.S. 9:2796 does not apply if the loss was caused by the deliberate and wanton act or gross negligence of the krewe or organization or the member in question, and plaintiff alleged in his petition that the acts of the defendant were wanton and grossly negligent. The plaintiff would have to carry the burden of proving at trial that Mr. Bates' actions were deliberate and wanton or grossly negligent.
In their motion for summary judgment, the defendants allege that Mr. Bates was in no way negligent, and the cause of the accident was solely the fault of Ofcr. Foshee. As previously stated, if the moving party will not bear the burden of proof at trial on the matter before the court on the motion and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the non-moving party must come forward with factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2). If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. arts. 966 and 967; Goins v. Wal-Mart Stores, Inc., XXXX-XXXX (La.1/28/01), 800 So.2d 783; Williams v. Shoney's, Inc., 99-0607 (La.App. 1 Cir. 3/31/00), 764 So.2d 1021.
After reviewing the pleadings, depositions and affidavits, including a sworn statement by Ofcr. Foshee, we conclude that the plaintiff has not established factual *1178 support sufficient to establish his evidentiary burden at trial. Accordingly, there is no genuine issue of material fact regarding the allegations that Mr. Bates's conduct was wanton or grossly negligent.
The primary factual disagreement in this case is whether Ofcr. Foshee told Mr. Bates to drive into the east-bound lane of Maple Street after a pick-up truck passed or to wait until the traffic cleared altogether. Even in his sworn statement Ofcr. Foshee stated that he believed that Mr. Bates did not intentionally hit him and that Mr. Bates simply got caught up in the excitement of the parade and did not see him as he drove forward. Clearly then, both parties agree that Mr. Bates' conduct was not "deliberate and wanton" as required by the statute.
Nor is there evidence that his conduct constituted gross negligence. Louisiana courts have frequently addressed the concept of gross negligence. Gross negligence has been defined as the "want of even slight care and diligence" and the "want of that diligence which even careless men are accustomed to exercise." State v. Vinzant, 200 La. 301, 7 So.2d 917 (La. 1942). Gross negligence has also been termed the "entire absence of care" and the "utter disregard of the dictates of prudence, amounting to complete neglect of the rights of others." Hendry Corp. v. Aircraft Rescue Vessels, 113 F.Supp. 198 (E.D.La.1953) (applying Louisiana law). Additionally, gross negligence has been described as an "extreme departure from ordinary care or the want of even scant care." W. Page Keeton, et al, Prosser & Keeton on the Law of Torts, § 34, at 211 (5th ed.1984); 65 C.J.S. Negligence, § 8(4)(a), at 539-40 (1966 & Supp.1993). "There is often no clear distinction between such [willful, wanton, or reckless] conduct and `gross' negligence, and the two have tended to merge and take on the same meaning." Falkowski v. Maurus, 637 So.2d 522 (La.App. 1 Cir.), writ denied, 629 So.2d 1176 (La.1993) (quoting Prosser & Keeton, supra, at 214). Gross negligence, therefore, has a well-defined legal meaning distinctly separate, and different, from ordinary negligence. Rosenblath's, Inc. v. Baker Industries, Inc., 25,685 (La.App. 2 Cir. 3/30/94), 634 So.2d 969, writ denied, 94-1102 (La.6/24/94), 640 So.2d 1348.
In Binkley v. Landry, supra, litigation arose out of an accident in Baton Rouge at the Spanish Town Mardi Gras Parade which was sponsored by a non-profit organization, The Mystic Krewe for the Preservation of Lagniappe in Louisiana, Inc. (Mystic Krewe). During the parade, a pick-up truck suddenly left the parade route after its driver, John E. Landry, who had been drinking, momentarily lost consciousness. Mr. Landry drove into the crowd of spectators where plaintiffs were viewing the parade. Seven-year old Tiffany Binkley was seriously injured when she was run over by the pick-up truck.
Plaintiffs sued both the driver and Mystic Krewe, alleging that both were guilty of gross negligence. The defendants moved for summary judgment based upon the immunity granted by La. R.S. 9:2796. The trial court granted the motion, finding that the facts did not support gross negligence. On appeal, the Louisiana First Circuit affirmed the summary judgment, stating:
The difference between ordinary negligence and gross negligence is the level or degree of lack of care shown by the offending party. To amount to gross negligence, the conduct of the offender must not only show a lack of care, it must show an "entire," "utter," "complete," or "extreme" lack of care. Mullins v. State Farm Fire and Cas. Co., 96-0629 (La.App. 1 Cir. 6/27/97), 697 So.2d 750. Operating a vehicle after having an alcoholic beverage, as Mr. Landry did in the instant case, may *1179 constitute a negligent act. Likewise, the lack of closer supervision of drivers in the parade could be construed as negligence on the part of Mystic Krewe. However, we believe such actions taken, without more, would only amount to ordinary negligence rather than gross negligence.
* * *
[P]laintiffs failed to prove the existence of a genuine issue of material fact concerning whether members of Mystic Krewe acted in a deliberate and wanton or grossly negligent manner in the supervision of the drivers in the parade.
We conclude that the record does not reveal any facts evidencing gross negligence on the part of Mr. Bates. Therefore the "deliberate and wanton act" and "gross negligence" exceptions to the immunity granted by La. R.S. 9:2796 do not apply. Accordingly, the trial court correctly granted summary judgment in favor of the defendants based upon La. R.S. 9:2796.
Defendants filed an answer to the appeal requesting that the summary judgment be affirmed on the alternative ground that Mr. Bates' conduct did not constitute negligence or fault. Because we conclude that Mr. Bates is immune from suit under La. R.S. 9:2796, we pretermit discussion of this alternative basis.

Conclusion
For the foregoing reasons, the summary judgment granted by the trial is affirmed at appellants' cost.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, STEWART, DREW, MOORE and SEXTON (Pro Tempore), JJ.
Rehearing denied.