STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2021 CA 0689

TERRY PORCHE AND NAOMI PORCHE

VERSUS

ADAM NAQUIN, TRI REGION WOMEN'S
CARNIVAL CLUB, INC., AND STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY

JUDGMENT RENDERED: **NOV 2 9 2022**

* * * * * * *

Appealed from
The Thirty-Second Judicial District Court
Parish of Terrebonne • State of Louisiana
Docket Number 182947 • Division D

The Honorable David W. Arceneaux, Presiding Judge

* * * * * * *

David C. Pellegrin, Jr.
Huntington B. Downer, Jr.
Joseph L. Waitz, III
Mary W. Riviere
Ellen D. Doskey
Houma, Louisiana

COUNSEL FOR APPELLANTS
PLAINTIFFS—Terry Porche and
Naomi Porche


Jerry W. Sullivan
Metairie, Louisiana

COUNSEL FOR APPELLEES
DEFENDANTS—Tri Region Women's
Carnival Club, Inc., a/k/a the Krewe
of Aquarius, and Certain
Underwriters at Lloyd's London

* * * * * * *

**BEFORE: GUIDRY, WELCH, PENZATO, LANIER, AND HESTER, JJ.**

Hester, J. dissents and assigns reasons

Guidry, J. dissents for the reasons assigned by Judge Hester

**WELCH, J.**

This personal injury suit arises out of injuries allegedly resulting from an accident that occurred during a procession prior to the 2018 Mardi Gras parades of the Krewe of Hyacinthians and Krewe of Aquarius. Plaintiffs Terry and Naomi Porche filed suit against the Tri Region Women's Carnival Club, Inc. (referred to as the "Krewe of Aquarius") and its insurer, among other defendants. After conducting discovery, the Krewe of Aquarius and its insurer filed a motion for summary judgment asserting immunity under La. R.S. 9:2796, the Mardi Gras immunity statute. From the trial court's ruling granting the Krewe of Aquarius and its insurer's motion for summary judgment, the plaintiffs now appeal. We affirm.

## FACTS AND PROCEDURAL HISTORY

The plaintiffs filed suit against defendants Adam Naquin, the Krewe of Aquarius, and State Farm Mutual Automobile Insurance Company,[1] seeking damages for injuries allegedly sustained by Mr. Porche in a vehicle accident between him and Mr. Naquin. The alleged accident occurred on February 14, 2018, while Mr. Porche—a member of the Houma Shriners Club (the "Shriners") motorcycle unit—escorted the court and members of the Krewe of Hyacinthians in a procession along Louisiana Highway 24 to the parade staging area at the Southland Mall in Houma, Louisiana, the starting point of the two Mardi Gras parades.

Prior to the procession, a safety meeting was held with the processional drivers, who were instructed to drive in a single-file line directly behind one another to prevent any non-processional vehicles from entering the procession. The procession consisted of vehicles transporting the court and members of the Krewe of Hyacinthians, followed directly by a limousine transporting members of the

---

[1] The plaintiffs alleged that State Farm issued an automobile liability policy that provided coverage for Mr. Naquin's vehicle.

Krewe of Aquarius, whose parade was scheduled to roll directly behind the Krewe of Hyacinthians parade.

The Shriners escorted the procession to the parade staging area on their motorcycles by traveling on the left side of the procession to block incoming traffic from side streets. Once the entire procession passed a side street blocked by a Shriner, that Shriner would travel ahead of the procession on his motorcycle to the next unblocked side street. The Shriners repeated this process until the entire procession reached the parade staging area.

The plaintiffs alleged that the "driver of the vehicle leading the Krewe of Aquarius"—alleged to be operating within the course and scope of his "duties" for the Krewe of Aquarius and who was an "agent and/or employee" of the Krewe of Aquarius—failed to stay directly behind the last vehicle in the Krewe of Hyacinthians procession. This failure to adhere to the driver safety instructions created a "large gap" between the two krewes, allowing the vehicle driven by Mr. Naquin to enter the "large gap" and drive between the two krewes. When Mr. Naquin attempted to make a turn in order to exit the procession, his vehicle collided with the Shriners motorcycle driven by Mr. Porche, causing injuries to Mr. Porche. The plaintiffs alleged that the defendants were liable for general damages, medical expenses, loss of income, loss of consortium, and property damage.

In supplemental and amending petitions, the plaintiffs added as defendants: Ladies Carnival Club, Inc. (referred to as the "Krewe of Hyacinthians"); Certain Underwriters at Lloyd's London, the liability insurer for the two krewes; and processional driver Darrell Charpentier and his insurer, National Continental Insurance Company.

The plaintiffs made the same allegations and prayed for the same damages against the Krewe of Hyacinthians as were made against the Krewe of Aquarius— namely, that the drivers for the Krewe of Hyacinthians attended the pre-

processional safety meeting; that its drivers failed to follow safety instructions and allowed a gap to form between the two processions; and that its drivers were operating within the course and scope of their "duties" for the Krewe of Hyacinthians and were "agents and/or employees" of the Krewe of Hyacinthians.

The plaintiffs alleged that Mr. Charpentier was "the driver of the vehicle leading the Krewe of Aquarius" who played a part in allowing the large gap to form between the two krewes.[2] The plaintiffs alleged that the two krewes were liable for the negligent acts of their processional drivers, as agents and/or employees of the krewes, through the doctrine of *respondeat superior*.

The Krewe of Aquarius and its insurer filed a motion for summary judgment, arguing that the statutory immunity provided by the Mardi Gras immunity statute, La. R.S. 9:2796, applied to the plaintiffs' claims against the Krewe of Aquarius. The version of La. R.S. 9:2796 applicable to this matter[3] provides that "no person shall have a cause of action against any krewe ... or any member thereof, which presents Mardi Gras parades, ... for any loss or damage caused by any member thereof, during or in conjunction with or related to the parades ... ." However, the statute does not provide immunity for krewes or its members if "said loss or damage was caused by the deliberate and wanton act or gross negligence of the krewe ... or any member thereof ... ." Furthermore, the statute does not provide immunity if "said member was operating a motor vehicle within the parade ... and was a compensated employee of the krewe ... ."

The Krewe of Aquarius argued that while the limousine transporting members of its krewe down Louisiana Highway 24 to the parade staging area at the Southland Mall was an event "related to" the Krewe of Aquarius parade that rolled

---

[2] The plaintiffs also alleged that Darrell Charpentier drove a vehicle for "the Krewe of Aquarius [and/or] the Krewe of Hyacinthians."

[3] Since the rendition of the judgment on appeal, the Louisiana Legislature amended La. R.S. 9:2796. See 2022 La. Acts No. 740 §1 (eff. Aug. 1, 2022). However, the recent amendments to the Mardi Gras immunity statute are not applicable to this matter.

4

later that day, the vehicle driven by Mr. Charpentier was not a part of the Krewe of Aquarius, nor its parade. Further, the Krewe of Aquarius argued that Mr. Charpentier was not a member of the Krewe of Aquarius, nor was he a compensated employee thereof. The Krewe of Aquarius argued that no member or compensated employee of its krewe negligently operated a motor vehicle within a Krewe of Aquarius procession, nor did the Krewe of Aquarius or any member thereof engage in any "deliberate and wanton act" or "gross negligence."

The plaintiffs opposed the motion, arguing that there were genuine issues of material fact surrounding the involvement of the Krewe of Aquarius in the procession and the krewe's liability for Mr. Porche's accident. Following a hearing, the trial court granted summary judgment in favor of the Krewe of Aquarius and its insurer, dismissing the plaintiffs' claims against those defendants based on the Mardi Gras immunity statute, La. R.S. 9:2796. The trial court signed a judgment in accordance with its ruling on October 29, 2021, which the plaintiffs now appeal.[4]

## SUMMARY JUDGMENT

Appellate courts review summary judgments *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. **Carman v. Livers**, 2021-0701 (La. App. 1st Cir. 4/6/22), 341 So.3d 749, 757, writ denied, 2022-00753 (La. 9/20/22), 346 So.3d 290. That is, after an opportunity for adequate discovery, summary judgment shall be granted if the

---

[4] The trial court signed a judgment in accordance with its oral ruling on April 8, 2021. The plaintiffs timely filed a motion for devolutive appeal on April 14, 2021. The trial court signed an order of appeal on April 19, 2021, notice of which was transmitted by the Clerk of Court to the parties on April 21, 2021.

Once the appeal was lodged, this court discovered an apparent defect in the trial court's April 8, 2021 judgment and issued an interim order remanding the matter for the limited purpose of instructing the trial court to sign an amended judgment. See La. C.C.P. art. 2088(A)(12). It appears that the trial court's April 8, 2021 judgment lacked decretal language. While the judgment granted the motion for summary judgment filed by the Krewe of Aquarius and its insurer, it failed to indicate what that relief entailed. Thereafter, the Clerk of Court for the Thirty-Second Judicial District Court supplemented the record on appeal with an amended judgment signed on October 29, 2021, which cured the apparent defect.

5

motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3).

The burden of proof on a motion for summary judgment rests with the mover. La. C.C.P. art. 966(D)(1). If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense. Rather, the mover must point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment will be granted. **Carman**, 341 So.3d at 757.

In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to make a credibility determination, but instead to determine whether or not there is a genuine issue of material fact. **Van Cleave v. Temple**, 2018-1353, 2018-1354 (La. App. 1st Cir. 5/31/19), 278 So.3d 1005, 1011 (citing **Hines v. Garrett**, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765 (*per curiam*)). A genuine issue is one as to which reasonable persons could disagree. However, if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. **Campbell v. Dolgencorp, LLC**, 2019-0036 (La. App. 1st Cir. 1/9/20), 294 So.3d 522, 526 (citing **Jackson v. City of New Orleans**, 2012-2742 (La. 1/28/14), 144 So.3d 876, 882, cert. denied, 574 U.S. 869, 135 S.Ct. 197, 190 L.Ed.2d 130 (2014)). Material facts are those that potentially insure or preclude recovery, affect the litigant's

success, or determine the outcome of a legal dispute. In other words, a fact is "material" when its existence or nonexistence is essential to the plaintiff's cause of action under the applicable theory of recovery. **Primeaux v. Best Western Plus Houma Inn**, 2018-0841 (La. App. 1st Cir. 2/28/19), 274 So.3d 20, 27. Any doubt as to a dispute regarding an issue of material fact must be resolved against granting the motion and in favor of a trial on the merits. **Primeaux**, 274 So.3d at 27. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Georgia-Pacific Consumer Operations, LLC v. City of Baton Rouge**, 2017-1553, 2017-1554 (La. App. 1st Cir. 7/18/18), 255 So.3d 16, 22, writ denied, 2018-1397 (La. 12/3/18), 257 So.3d 194.

## LAW AND DISCUSSION

The Krewe of Aquarius and its insurer sought summary judgment on the basis of immunity pursuant to the Mardi Gras immunity statute, La. R.S. 9:2796. The version of La. R.S. 9:2796 applicable to this matter,[5] provides in pertinent part:

> A. Notwithstanding any other law to the contrary, **no person shall have a cause of action against any krewe** or organization, any group traditionally referred to as Courir de Mardi Gras, **or any member thereof, which presents Mardi Gras parades**, including traditional rural Mardi Gras parades, processions, or runs in which participants ride on horseback, march, walk, or ride on horse-drawn or motordrawn floats, or wheeled beds, or other parades, whether held on a public or private street or waterway, or in a building or other structure, or any combination thereof, connected with pre-Lenten festivities or the Holiday in Dixie Parade, or against any nonprofit organization chartered under the laws of this state, or any member thereof, which sponsors fairs or festivals that present parades or courirs, **for any loss or damage caused by any member thereof, during or in conjunction with or related to the parades** or courirs presented by such krewe or organization, *unless* said loss or damage was caused by the **deliberate and wanton act**

---

[5] See FN 3, *supra.*

7

**or gross negligence of the krewe** or organization, **or any member thereof** as the case may be, *or unless* said member was operating a motor vehicle within the parade or festival and was a compensated employee of the krewe, organization, or courir. The provisions of this Section shall not be intended to limit the liability of a compensated employee of such krewe or organization for his individual acts of negligence. [Emphasis added.]

The rules of statutory interpretation provide that a law must be applied as written if it is clear and unambiguous and its application does not lead to absurd consequences; with regard to such laws, no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9; **Medine v. Geico General Ins. Co.**, 97-2393, 97-2775-2778 (La. App. 4th Cir. 11/17/99), 748 So.2d 532, 535, writ denied, 99-3556 (La. 2/11/00), 754 So.2d 945. Statutes such as La. R.S. 9:2796, that grant immunities or advantages to special classes in derogation of the general rights available to tort victims, must be strictly construed against the party claiming the immunity or advantage. **Medine**, 748 So.2d at 535.

Louisiana courts, including this court, have held that the expansive language in La. R.S. 9:2796 covers a broad spectrum of risks and losses associated with "parading" and "traditional parade activities," *i.e.*, activities that occur "during or in conjunction with or related to the parades ... presented by such krewe ... or any member thereof ... ." La. R.S. 9:2796(A); see also **Porche v. Naquin**, 2022-0064 (La. App. 1st Cir. 9/26/22), ___ So.3d ___, ___, 2022 WL 4476322, at *4; **Binkley v. Landry**, 2000-1710 (La. App. 1st Cir. 9/28/01), 811 So.2d 18, 22, writ denied, 2001-2934 (La. 3/8/02), 811 So.2d 887; **Foshee v. Louisiana Farm Bureau Cas. Ins. Co.**, 41,842 (La. App. 2nd Cir. 1/31/07), 948 So.2d 1171, 1176, writ denied, 2007-0483 (La. 4/20/07), 954 So.2d 169; **Medine**, 748 So.2d at 535-36; **Gardner v. Zulu Soc. Aid & Pleasure Club, Inc.**, 98-1040 (La. App. 4th Cir. 2/10/99), 729 So.2d 675, 678, writ denied, 99-0697 (La. 5/7/99), 740 So.2d 1285.

At the time of Mr. Porche's accident, La. R.S. 9:2796(A) contained only two exceptions to the statutory grant of immunity to Mardi Gras krewes and their members: 1) if the loss or damage was caused by the "deliberate and wanton act" or "gross negligence" of the krewe or any member thereof; or 2) if the loss or damage was caused by a compensated krewe member operating a motor vehicle within the parade. The plaintiffs did not make any allegations that the Krewe of Aquarius or any member thereof engaged in a "deliberate and wanton act" or "gross negligence" that caused the plaintiffs to suffer loss or damage; accordingly, we focus on the second exception to the grant of statutory immunity under La. R.S. 9:2796(A): whether the plaintiffs' loss or damage was caused by a compensated member of the Krewe of Aquarius who operated a motor vehicle within a parade presented by the Krewe of Aquarius. We note that Mr. Charpentier was the only processional driver named as a defendant by the plaintiffs.

In support of their motion for summary judgment, the Krewe of Aquarius and its insurer submitted several depositions and affidavits. The evidence shows that the February 4, 2018 procession was organized for the purpose of transporting the 2018 queen of the Krewe of Hyacinthians, Charlotta Herques, her husband and 2018 king of the Krewe of Hyacinthians, Anthony "Tony" Herques, Jr., and the Krewe of Hyacinthians court to the parade staging area for the krewe's 2018 parade. The Krewe of Hyacinthians contracted the Shriners to escort the procession.

There is no dispute that due to a "rain-out" and "unsuitable weather," the 2018 Krewe of Aquarius Mardi Gras parade was rescheduled to roll on February 4, 2018 "behind the parade sponsored by the [Krewe of] Hyacinthians ... ." Leslie S. Breaux, who served as the 2018 queen of the Krewe of Aquarius, stated that the Krewe of Aquarius "is a Louisiana non-profit corporation organized for the purpose of providing a carnival parade to the residents of Terrebonne Parish." Ms.

9

Breaux attested that she rented a limousine at her own expense to transport herself and other members of the Krewe of Aquarius court to the parade staging area for the Krewe of Aquarius parade. She indicated that her limousine followed "the Hyacinthians court procession to the [parade] staging area." The Krewe of Aquarius was not a part of the Krewe of Hyacinthians procession, did not participate in the procession, and did not secure the services of the Shriners to escort the limousine to the parade staging area.

The evidence shows that prior to the accident, Mr. Naquin's vehicle entered the procession behind a vehicle driven by Nicholas Hebert and in front of a vehicle driven by Mr. Charpentier as the procession traveled down Louisiana Highway 24.

Nicholas Hebert testified that he is a paid "agent" and "contract worker" who worked for the Krewe of Hyacinthians in 2018, and had no affiliation with any other krewe. Mr. Hebert stated that normally in a Krewe of Hyacinthians procession, the king and queen lead the procession in a limousine, followed by the captains and maids, and that he is always located at the end of the procession. During the February 4, 2018 procession, a school bus that had been converted into a "Mardi Gras bus" was driving immediately behind Mr. Hebert's SUV; however, Mr. Hebert stated that the bus was not a part of the Krewe of Hyacinthians procession. At some point during the procession, Mr. Hebert became aware that another vehicle (a truck), purportedly driven by Mr. Naquin, entered the procession behind his vehicle and in front of the bus.

Darrell Charpentier testified that he was the driver of a "party bus" that was owned by his brother. Mr. Charpentier stated that although he was not involved in the contracting for the rental of his brother's bus, he indicated the bus would have been rented by a float captain. Mr. Charpentier testified he was unsure whether he was transporting members of the Krewe of Hyacinthians or the Krewe of Aquarius in the bus to the parade staging area on the day of the incident; he could not

10

remember the name of the float captain who rented the bus. The evidence shows that the bus driven by Mr. Charpentier was transporting float riders of a Krewe of Hyacinthians float that was usually ridden by Ms. Herques (when she was not acting as the 2018 queen of the Krewe of Hyacinthians). Mr. Charpentier's testimony confirms that on the day of the incident, he was transporting float riders on the bus.

Mr. Charpentier testified that he arrived late to the civic center and received a safety briefing from Alvin Dupre, the captain of the Shriners motorcycle unit in 2018. Mr. Charpentier recalled that he was approached by a man driving an SUV (*i.e.*, Mr. Hebert), who indicated that he would be driving immediately in front of Mr. Charpentier. Mr. Charpentier testified that at some point in the procession, a gap formed when Mr. Hebert's SUV sped up, and a black truck—purportedly driven by Mr. Naquin—entered the procession between Mr. Hebert's SUV and Mr. Charpentier's bus.

It is undisputed that the Krewe of Aquarius is a domestic, nonprofit corporation authorized to do business in the State of Louisiana and organized for the purpose of presenting Mardi Gras parades to the residents of Terrebonne Parish. It is further undisputed that the Krewe of Aquarius's 2018 Mardi Gras parade was rescheduled and rolled on February 4, 2018. Louisiana Revised Statutes 9:2796(A), at the time of Mr. Porche's accident, provided a limitation of liability to Mardi Gras krewes and krewe members for damage and injury caused by the krewe or any member thereof during events in "conjunction with or related to the parades." In the instant appeal, the Krewe of Aquarius is the defendant, and as such, is shielded from liability for Mr. Porche's injuries, which occurred "during or in conjunction with or related to" the parade presented by the Krewe of Aquarius and its members. See La. R.S. 9:2796(A); see also **Porche**, 2022 WL

11

4476322, at *4; **Binkley**, 811 So.2d at 22; **Foshee**, 948 So.2d at 1176; **Medine**, 748 So.2d at 535-36; **Gardner**, 729 So.2d at 678.

Furthermore, the accident occurred between Mr. Hebert's position at the end of the Krewe of Hyacinthians procession and before Mr. Charpentier's position. The immunity provided for in La. R.S. 9:2796(A) does not extend to compensated employees of Mardi Gras krewes, only to voluntary, non-compensated members of Mardi Gras krewes. See **Foshee**, 948 So.2d at 1177. Neither Mr. Hebert nor Mr. Charpentier are members of the Krewe of Aquarius. It is also undisputed that neither Mr. Hebert nor Mr. Charpentier are compensated employees of the Krewe of Aquarius who operated a motor vehicle within a parade presented by the Krewe of Aquarius.[6]

We find that the trial court was correct in finding that there was no genuine issue of material fact that the Krewe of Aquarius is shielded from liability for Mr. Porche's injuries pursuant to La. R.S. 9:2796(A). For these reasons, summary judgment was properly granted.

## DECREE

We affirm the trial court's October 29, 2021 judgment that granted summary judgment in favor of the defendants, the Tri Region Women's Carnival Club, Inc., referred to as the Krewe of Aquarius, and Certain Underwriters at Lloyd's London, and which dismissed the claims of the plaintiffs, Terry Porche and Naomi Porche, against those defendants with prejudice. All costs of this appeal are assessed against the plaintiffs, Terry Porche and Naomi Porche.

**AFFIRMED.**

---

[6] We note that the plaintiffs did not name Mr. Hebert, a compensated employee of the Krewe of Hyacinthians, as a defendant.

12

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0689

TERRY PORCHE AND NAOMI PORCHE

VERSUS

ADAM NAQUIN, TRI REGION WOMEN'S CARNIVAL CLUB, INC.
AND STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

CHH

**HESTER, J., dissenting.**

I respectfully dissent. In order to meet their burden to provide proof establishing their entitlement to invoke statutory immunity under the applicable version of La. R.S. 9:2796, movers, Tri Region Women's Carnival Club, Inc. ("Krewe of Aquarius") and its insurer, were required to establish that the Krewe of Aquarius was a krewe or organization which presents Mardi Gras parades; that the loss or damage (caused by a member of the krewe or organization) was sustained during or in conjunction with or related to the parade presented by such krewe or organization; that the loss or damage was not caused by the deliberate and wanton acts or gross negligence of the krewe or organization nor any member thereof; and that the member involved was not a compensated member of the krewe operating a motor vehicle within the parade, if applicable. See La. R.S 9:2796(A). Movers did not present evidence in support of the motion for summary judgment to show that Mr. Porche's injuries or loss occurred during or in conjunction with a parade or procession *presented by the Krewe of Aquarius*. Rather, the evidence only definitively established that the Krewe of Hyacinthians sponsored the parade on

February 4, 2018, and the Krewe of Hyacinthians had a procession. I find that the evidence is disputed as to whether the Krewe of Aquarius was participating in its own sponsored procession at the time of the accident.

Because immunity statutes must be strictly construed against the party claiming the immunity, **Aucoin v. Larpenter,** 2020-0792 (La. App. 1st Cir. 4/16/21), 324 So.3d 626, 634, writ denied, 2021-00688 (La. 9/27/21), 324 So.3d 87, and factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, **Macro Companies, Inc. v. Dearybury Oil & Gas, Inc.,** 2021-00483 (La. 6/29/21), 319 So.3d 286, 287 (per curiam) (citing **Willis v. Medders,** 2000-2507 (La. 12/8/00), 775 So.2d 1049, 1050 (per curiam)), I find that the Krewe of Aquarius and its insurer failed to carry their burden of proof as movers urging the application of the immunity provided in La. R.S. 9:2796(A), and the burden never shifted to Plaintiffs. See **Aucoin,** 324 So.3d at 632. Accordingly, I find that the trial court erred in granting the motion for summary judgment filed by the Krewe of Aquarius and its insurer and would pretermit any determination as to the applicability of any exemptions provided in the statute.

2